# EXHIBIT A

Case: 1:23-cv-02365 Document #: 1-1 Filed: 04/14/23 Page 2 of 136 PageID #:11

# Civil, Law, Chancery, Domestic Case Search

For your convenience, the Clerk of the Circuit Court offers on-line access to electronic docket information for cases in the Criminal divisions. By using this service, the user agrees and understands that he or she is bound by the on-line access to court records Terms of Agreement.

Case Information for Case Number: **2023ch02120**

Search Again

| Case Number | Calendar | Date Filed | Division |
|---|---|---|---|
| 2023CH02120 | CHCAL1 | 03/02/2023 | District 1 |

| Plaintiff(s) | Case Type | Defendant(s) | Attorney |
|---|---|---|---|
| DEBORAH PALANTI | Class Actions | LAWBLE, INC. D/B/A SOLOSUIT<br>GEORGE SIMONS<br>SCOTT ERICKSON | DANIEL EDELMAN |

| Ad Damnum |
|---|
| 0 |

**Future Court Activity:**

| Court Date: | 07/03/2023 | Hearing Type: | Motion/Case Management Call Case Management(Judicial Officer:Wilson, Thaddeus L,Calendar, 1) | Time: | 10:00 AM | Location: | Richard J Daley Center |
|---|---|---|---|---|---|---|---|

| Court Date: | 05/01/2023 | Hearing Type: | Motion/Case Management Call Case Management(Judicial Officer:Wilson, Thaddeus L,Calendar, 1) | Time: | 10:00 AM | Location: | Richard J Daley Center |
|---|---|---|---|---|---|---|---|

| Court Date: | 04/18/2023 | Hearing Type: | Motion/Case Management Call Case Management(Judicial Officer:Wilson, Thaddeus L,Calendar, 1) | Time: | 10:00 AM | Location: | Richard J Daley Center |
|---|---|---|---|---|---|---|---|

**Case Activities:**

| Activity Date: | 04/03/2023 | Event Desc: | Summons Served By Special Process Server | Comments: | Summons Returned Executed of Scott Erickson |
|---|---|---|---|---|---|

| Activity Date: | 03/22/2023 | Event Desc: | Summons Served By Special Process Server | Comments: | Summons Returned Executed for Lawble, Inc., d/b/a SoloSuit |
|---|---|---|---|---|---|

| Activity Date: | 03/22/2023 | Event Desc: | Summons Served By Special Process Server | Comments: | Summons Returned Executed for George A. Simons |
|---|---|---|---|---|---|

| Activity Date: | 03/03/2023 | Event Desc: | Notice Of Motion Filed | Comments: | Notice of Motion for Class Certification |
|---|---|---|---|---|---|

| **Activity Date:** | 03/03/2023 | **Event Desc:** | Motion Filed | **Comments:** | Motion for Class Certification with Exhibits A-I |

| **Activity Date:** | 03/03/2023 | **Event Desc:** | Notice Of Filing Filed | **Comments:** | Notice of Filing for Motion for Class Certification |

| **Activity Date:** | 03/02/2023 | **Event Desc:** | New Case Filing | **Comments:** | |

| **Activity Date:** | 03/02/2023 | **Event Desc:** | Class Action Complaint Filed | **Comments:** | Complaint - Class Action |

| **Activity Date:** | 03/02/2023 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | Summons of Lawble, Inc. |

| **Activity Date:** | 03/02/2023 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | Summons of George A. Simons |

| **Activity Date:** | 03/02/2023 | **Event Desc:** | Summons Issued And Returnable | **Comments:** | Summons of Scott Erickson |

Please Note: If data does not appear in a specific field, we likely do not have the responsive data in our master database. If you have reason to believe there is an error, please contact the Internet Court Call Help Line at 312.603.4357.

Hearing Date: 7/3/2023 9:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

FILED DATE: 3/2/2023 4:43 PM  2023CH02120

FILED
3/2/2023 4:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21704067

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(03/15/21) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

DEBORAH PALANTI,
on behalf of Plaintiff and
a class,

Plaintiff(s)

v.

LAWBLE, INC., doing business as SoloSuit and
www.SoloSuit.com; GEORGE A. SIMONS; and
SCOTT ERICKSON,

Defendant(s)

Case No. _____2023CH02120_____

Scott Erickson
235 E 3060 N, Provo, UT, 84604-3936

Address of Defendant(s)

Please serve as follows (check one): ○ Certified Mail    ○ Sheriff Service    ◉ Process Server    Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE: Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons**                                                 **(03/15/21) CCG 0001 B**

*FILED DATE: 3/2/2023 4:43 PM   2023CH02120*

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office.  If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org.  You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office.  You can also call or email the clerk's office to request your next court date.  You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant.  For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference.
This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www.cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons.  The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer:  (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 41106

○ Pro Se 99500

Name: Daniel A. Edelman

Atty. for (if applicable):

Deborah Palanti

Address: 20 S. Clark, Ste. 1500

City: Chicago

State: IL    Zip: 60603

Telephone: (312) 739-4200

Primary Email: courtecl@edcombs.com

Witness date _____

3/2/2023 4:43 PM IRIS Y. MARTINEZ

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Hearing Date: 7/3/2023 9:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

FILED
3/2/2023 4:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21704067

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(03/15/21) CCG 0001 A** |

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties
DEBORAH PALANTI,
on behalf of Plaintiff and
a class,

Plaintiff(s)

v.

LAWBLE, INC., doing business as SoloSuit and
www.SoloSuit.com; GEORGE A. SIMONS; and
SCOTT ERICKSON,

Defendant(s)

Case No.    **2023CH02120**

George A. Simons
235 E 3060 N, Provo, UT, 84604-3936

Address of Defendant(s)

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ●Process Server   Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:  Your appearance date is NOT a court date.**  It is the deadline
for filing your appearance/answer.  To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp.  After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

**Summons - Alias Summons**        **(03/15/21) CCG 0001 B**

FILED DATE: 3/2/2023 4:43 PM  2023CH02120

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference.
This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: <u>41106</u>

○ Pro Se 99500

Name: <u>Daniel A. Edelman</u>

Atty. for (if applicable):

<u>Deborah Palanti</u>

Address: <u>20 S. Clark, Ste. 1500</u>

City: <u>Chicago</u>

State: <u>IL</u>   Zip: <u>60603</u>

Telephone: <u>(312) 739-4200</u>

Primary Email: <u>courtecl@edcombs.com</u>

Witness date _____

3/2/2023 4:43 PM IRIS Y. MARTINEZ

_____ Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Hearing Date: 7/3/2023 10:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

FILED
3/2/2023 4:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21704067

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |

**Summons - Alias Summons**                                    **(03/15/21) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties
DEBORAH PALANTI,
on behalf of Plaintiff and
a class,

Plaintiff(s)

v.

LAWBLE, INC., doing business as SoloSuit and
www.SoloSuit.com; GEORGE A. SIMONS; and
SCOTT ERICKSON,

Defendant(s)

Lawble, Inc., d/b/a SoloSuit
C/o Registered Agent, George A. Simons
235 E 3060 N, Provo, UT, 84604-3936

Address of Defendant(s)

Case No.

**2023CH02120**

_____

Please serve as follows (check one):  ○ Certified Mail   ○ Sheriff Service   ◉ Process Server     Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline
for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED
TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/
answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/
approved/procedures/appearance.asp. After completing and saving your Appearance form, you can
electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (03/15/21) CCG 0001 B

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

○ Atty. No.: 41106
○ Pro Se 99500

Name: Daniel A. Edelman

Atty. for (if applicable):

Deborah Palanti

Address: 20 S. Clark, Ste. 1500

City: Chicago

State: IL   Zip: 60603

Telephone: (312) 739-4200

Primary Email: courtecl@edcombs.com

Witness date _____

3/2/2023 4:43 PM IRIS Y. MARTINEZ

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

Atty. No. 41106

FILED
3/2/2023 4:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21704067

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| DEBORAH PALANTI, on behalf of Plaintiff and a class, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LAWBLE, INC., doing business as SoloSuit and www.SoloSuit.com; GEORGE A. SIMONS; and SCOTT ERICKSON, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

2023CH02120

<u>**COMPLAINT – CLASS ACTION**</u>

**INTRODUCTION**

1.      Plaintiff Deborah Palanti seeks redress against the promoters of a purported self-help legal website, www.SoloSuit.com, for unfair and deceptive acts and practices.

**PARTIES**

2.      Plaintiff Deborah Palanti is a resident of Cook County, Illinois.

3.      Defendant Lawble, Inc., d/b/a SoloSuit is a corporation that uses the address 2261 Market St., #4379, San Francisco, CA 94114-1612, which is a private mail box.

4.      Defendant George A. Simons is the sole officer and director of Lawble, Inc., and its cofounder.   He is also its registered agent.   He may be found at 235 E 3060 N, Provo, UT 84604-3936.

5.      Defendant Scott Erickson is the other cofounder of Lawble, Inc., and is its chief technology officer.

6.      Defendants Simons and Erickson devised the methods of doing business used by Lawble, Inc., d/b/a SoloSuit.

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

## JURISDICTION AND VENUE

7.     Each Defendant is subject to jurisdiction in Illinois because:

    a.     They sought to derive profit from the provision of services via the Internet to Illinois residents in connection with lawsuits pending in Illinois courts.  At least half of the lawsuits are pending in Cook County, Illinois.

    b.     They undertook to send and purported to send communications to Illinois courts.

    c.     Defendants Simons and Erickson devised the website and other methods of business for accomplishing a and b.

    d.     Defendant Simons communicates by email with persons that begin but do not finish using the services provided through www.SoloSuit.com.

    e.     Defendants obtained money from Illinois residents.

## FACTS

8.     Lawble, Inc., operates a web site, www.SoloSuit.com, which states: "Beat debt collectors / Get the legal help you need to win against debt collectors. Our automated software will help you successfully fight collectors."

9.     The website states: "Every year, 10 million Americans are sued for a debt. 90 percent of them lose by default because they can't figure out how to respond and they only have 14-30 days to respond. [ ] This is where SoloSuit comes in! [ ]  SoloSuit asks a few simple questions about your case. Based on your answers, SoloSuit prepares a response and instructs you on how to file. Responding to a lawsuit is the first step in defending yourself. SoloSuit can help you take that step and guide you to additional resources when you're done."

10.     In late 2022, Plaintiff was being sued by a debt buyer, Velocity Investments LLC, which claimed to be the assignee of a 15.05% loan agreement, nominally with WebBank, but originated through Prosper Funding.  The complaint is in Exhibit A and the agreement sued upon in Exhibit B.

2

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

11.    Plaintiff was served on December 6, 2022 (Docket, Exhibit C).

12.    There are valid defenses to such an action, most importantly arising out of the fact that it involved what is known among consumer lawyers as a "rent a bank" or "rent a charter" arrangement.   Prosper Funding is a consumer lender that is  not licensed by the Illinois Department of Financial and Professional Regulation and is not a bank or credit union. Such lenders are not entitled to charge more than 9% interest on a consumer loan to an Illinois borrower.  To avoid the 9% limitation, Prosper Funding entered into an arrangement with Webbank, a bank, whereby loans would nominally be made by Webbank.  However, Prosper Funding accepted applications, approved loans, serviced and collected the loans and bore substantially all of the economic risk involved.  The bona fides of such an arrangement are subject to challenge.

13.    In addition, the credit agreement provided for arbitration.

14.    Plaintiff accessed the  www.SoloSuit.com website and followed the instructions.

15.    Plaintiff selected the "premium" package, which states in readable print: "Attorney review [¶]Once you complete your response it will be reviewed by a professional debt-collection attorney to make sure everything looks good before filing. If they recommend changes we will let you know."

16.    The "premium" package also states that SoloSuit will transmit the answer to the court for filing and pay the filing fee.

17.    All options offered by Defendant state, "100% guaranteed filing with the Court or your money back."

18.    A page entitled "Legal Disclaimer" states:

SoloSuit is an online provider of legal "fill in the blank" forms and general legal information. SoloSuit is not a law firm and we do not provide legal advice or represent you in any way.

By using this web app or our legal forms, you are not accessing attorney services or legal advice, *unless you purchase the Premium Option which includes review of your completed form by an independently contracted attorney*. SoloSuit's services, including our web app, our legal forms, and any information we provide, are not a substitute for the advice of an attorney.

By using this web app or our legal forms, including through our "Premium" package, you are

3

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

not establishing an attorney-client relationship with SoloSuit or any of its employees. SoloSuit makes no guarantee or representation that information provided to SoloSuit is protected by attorney-client privilege or as work product.

In accessing this web app, the user represents that it has provided accurate and truthful information in completing a form and the user assumes all responsibility to provide correct and up-to-date information. Inaccuracies in information provided by the user could affect the validity or enforceability of the documents generated by the web app. You will read any and all SoloSuit documents that you download and print prior to signing them. You take sole responsibility for the accuracy of your personal information contained in SoloSuit documents that you sign.

Each person's legal situation is different and complex situations may require legal advice and representation. It is not possible for the web app to identify all situations in which legal representation is recommended, necessary or desirable. We do not review your documents or any information you input for accuracy or legal sufficiency, draw legal conclusions, provide legal advice or apply the law to the facts of your particular situation.

Each user has the obligation to make his or her own determination as to whether to seek the advice of a lawyer.

Different states have different rules that may affect the enforceability or validity of answers, and each state's laws may change over time. SoloSuit cannot ensure that the documents generated through use of the web app will be enforceable or valid in all states or in every instance. Each user assumes the responsibility to seek legal review of their documents. For SoloSuit services subject to the state of North Carolina, SoloSuit does not disclaim any warranties or liability and does not limit the recovery of damages or other remedies by the user.  (Emphasis added)

19.     The fine print at the bottom of www.SoloSuit.com states:  "SoloSuit is not an attorney or a law firm. Nor is it a substitute for an attorney or law firm. We do not provide legal advice nor do we practice law. This site only contains legal information, not legal advice. SoloSuit is a self-help tool. This site does not create an attorney-client relationship. We provide no guarantee regarding case outcomes nor are we liable for any case outcomes. Use of its products are governed by its Terms of Service, Privacy Policy, and Legal Disclaimer."

20.     In reliance on the representations made on the website, Plaintiff paid the charges requested by SoloSuit for the "premium" package and  provided all information requested.

21.     On information and belief, none of the money paid by Plaintiff and other clients to Solosuit was placed in a trust account.

22.     SoloSuit generated the document in Exhibit D.

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

23.     SoloSuit did not transmit any answer to the Circuit Court in accordance with court rules or pay the fee for filing an appearance and answer.  A month after Plaintiff's use of the website, the docket showed nothing had been filed or paid between the return of service on Plaintiff, on December 12, 2022, and the filing of an appearance and motion by counsel ultimately retained by Plaintiff, on January 19, 2023. (Docket, Exhibit C). If a document is submitted by electronic filing, it usually appears on docket within one business day.

24.     The document generated by SoloSuit for Plaintiff (Exhibit D) states that a copy should be mailed to the Court.

25.     Illinois courts require e-filing without a waiver granted in the specific case.  The Summons served upon Plaintiff (Exhibit E) states that "E-filing is now mandatory with limited exemptions."

26.     Thus, while Defendants state, "100% guaranteed filing with the Court," it is 100% certain that the documents they generate will not be properly filed in the manner required under Illinois court rules.

27.     Upon realizing that nothing had been filed, Plaintiff hired counsel.

28.     Persons who begin using the  www.solosuit.com website and discontinue its use receive an email solicitation from "George," who identifies himself as "a founder of SoloSuit," asking the person to resume using the website and doing business with Defendants. (Exhibit F).  On information and belief this is George A. Simons.

29.     The email states that "Filing an Answer document is the only way to respond."  This is not true.  A motion or request for bill of particulars may also be filed.

30.     The email states that if the recipient does not respond to the lawsuit,  "The debt collector will take money from your paycheck or bank account. They'll file a Writ of Garnishment which will allow them to remove money from your bank account and take up to 25% out of every paycheck. Ouch."

31.     Illinois has greater limitations on court-ordered wage deductions, so that the quoted

FILED DATE: 3/2/2023 4:43 PM    2023CH02120

statement is never true.

32.    The email states, "Choose Premium and we'll have an attorney review your case and we'll file for you . . . ."

33.    In fact, an attorney will not review the claims against her and see if there are defenses.

34.    On information and belief www.SoloSuit.com never files documents in conformity with Illinois court rules requiring e-filing or an exemption in the particular case.

35.    Plaintiff sought to dispute the charge SoloSuit had placed on her credit card. SoloSuit claimed that it had provided the services requested when it had not.

36.    The representations which Defendants make to all Illinois residents concerning its services are deceptive and misleading, in that:

    a.    SoloSuit advises persons sued for less than $10,000 in Illinois to file answers, when answers are not required in such cases and filing an appearance operates as a general denial.

    b.    The answers that are generated by www.solosuit.com do not comply with Illinois pleading requirements and are likely to result in a motion to strike being filed.  The answers (such as Exhibit D) include affirmative defenses of "laches," "waiver," "estoppel," "unclean hands" and payment without any allegations of facts, as required by Illinois law.

    c.    The documents purport to be transmitted by mail to the Clerk of the Circuit Court, when the Illinois courts require electronic filing absent a waiver in the specific case.

    d.    SoloSuit thus represents that a pleading is being filed, when in fact it isn't, thereby misleading the consumer into believing that a default has been avoided, when this is not the case.

    e.    SoloSuit represents that it will provide "the legal help you need to win against

6

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

debt collectors" when that is not true.

37.    The representations which Defendants make to Illinois purchasers of its "premium" package are additionally deceptive and misleading, in that:

    a.    Defendants suggest in the legible print that purchasers of the "premium" package receive legal advice concerning the claims against them, when they do not, and the fine print is inconsistent and disclaims such advice.

    b.    The documents generated are not anything which competent Illinois attorneys would prepare or approve.

## COUNT I – CONSUMER FRAUD

38.    Plaintiff incorporates paragraphs 1-37.

39.    Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

    a.    Making the representations set forth above;

    b.    Failing to comply with the representations;

    c.    Undertaking to transmit documents as required by Illinois court rules and not doing so.

40.    Defendants engaged in such conduct in the course of trade and commerce.

41.    Defendants engaged in such conduct to obtain money from Plaintiff and others.

42.    Defendants' conduct is contrary to public policy, which prohibits laypersons from giving legal advice.

## CLASS ALLEGATIONS

43.    Plaintiff brings this claim on behalf of a class and subclass.

44.    The class consists of (a) all individuals sued in Illinois (b) who used www.SoloSuit.com to prepare responses to such suits (c) on or after a date three years prior to the filing of this action.

45.    The subclass consists of class members who used the "Premium" service.

7

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

46.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

47.     On information and belief, the class and subclass are each so numerous that joinder of all members is not practicable

48.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are:

a.      Whether SoloSuit's procedures for  transmitting documents to Illinois courts comply with Illinois court rules;

b.      Whether the representations made by SoloSuit on its website and emails, such as that a pleading is being filed when it is not being filed electronically as required by Illinois rules, are false and misleading;

c.      Whether SoloSuit generates documents that do not comply with Illinois pleading requirements;

d.      Whether purchasers of the "premium" package receive legal advice.

49.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and consumer litigation.   Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

50.     A class action is appropriate  for the fair and efficient adjudication of this matter, in that:

a.      Individual actions are not economically feasible.

b.      Members of the class are likely to be unaware of their rights.   Indeed, Defendants capitalize on the proposition that they know what needs to be done and the consumer does not.

8

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and subclass and against Defendants for:

        i.        Compensatory damages;

        ii.        Punitive damages;

        iii.        Attorney's fees, litigation expenses and costs of suit;

        iv.        Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Roman
**EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com
Atty. No. 41106 (Cook)

9

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\39445\Pleading\Complaint DAE 2-23-23_Pleading.WPD

10

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

# EXHIBIT A

System Generated Hearing Date: 5/19/2023 10:00 AM
Location: Court Room 0205
Judge: Courtroom, 0205

MLG-4542196

FILED
11/16/2022 12:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 3/2/2023 4:43 PM   2023CH02120   20222003691
FILED DATE: 11/16/2022 12:16 PM

## IN THE CIRCUIT COURT OF COOK COUNTY
### SECOND MUNICIPAL DISTRICT

Velocity Investments, LLC,
    Plaintiff,

    v.

DEBORAH PALANTI
    Defendant,

Case No. 20222003691

Amount Claimed $10,312.37
plus Costs

### Complaint

NOW comes Plaintiff, Velocity Investments, LLC by and through its counsel, Mandarich Law Group, LLP, and in support of its claim against DEBORAH PALANTI states as follows:

1.    That Plaintiff, Velocity Investments, LLC is a foreign LLC registered to conduct business in the State of Illinois.

2.    That Defendant DEBORAH PALANTI is an individual believed to be a resident of Cook County, Illinois at the commencement of this cause and venue is proper in the Circuit Court of Cook County, Illinois.

3.    That on or about September 18, 2015, Defendant entered into a Consumer Loan Agreement "Agreement" with WebBank designated by account number XX8895.

4.    That Defendant received and used (or authorized the use of) the loan and thus became obligated to pay for charges incurred.

5.    That Defendant defaulted on his/her obligation to make payments on the Consumer Loan account and the account was subsequently charged off to Profit and Loss by WebBank resulting in the balance due Plaintiff of $10,312.37.

6.    That Plaintiff, Velocity Investments, LLC became owner of the charged off account by virtue of a purchase entered into by Plaintiff and its predecessor(s) in interest.

This communication is from a debt collector and is an attempt to collect a debt.

FILED DATE: 3/2/2023 4:43 PM   2023CH02120
FILED DATE: 11/16/2022 12:18 PM   2022CH03691

7.      That all credits and payments have been properly applied. Defendant is not entitled to any additional credits or set offs on the account of any kind and the balance set forth herein is currently due and owing.

8.      That demand has been made on Defendant to pay the balance due and owing by Plaintiff's counsel and said demand for payment has been refused.

9.      This suit is filed within the relevant statute of limitations.

WHEREFORE, Plaintiff, Velocity Investments, LLC prays that this Honorable Court enter an Order granting the following relief:

A.  That judgment be entered in favor of Plaintiff, Velocity Investments, LLC and against DEBORAH PALANTI in the amount of $10,312.37.

B.  That Costs of Suit be awarded Plaintiff.

C.  Any further relief that this Honorable Court deems is fair and equitable.

**Attorney No.: 59794**
**Mandarich Law Group, LLP**
P.O. Box 109032
Chicago, IL 60610
877.285.4918
Email: Illinois@mandarichlaw.com

Mohib Husain
Attorney For Plaintiff

This communication is from a debt collector and is an attempt to collect a debt.

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

# EXHIBIT B

9/27/2018                                              Borrower Promissory Note

# Borrower Promissory Note                                               PRO$PER

## Promissory Note

Loan ID: ███395

Borrower Address: Deborah L. Palanti, ██████████████████████████████████ ;

**1. Promise to Pay.** In return for a loan I have received, I promise to pay WebBank, a Utah-chartered Industrial Bank ("you") the principal sum of fifteen thousand dollars ($15,000.00), together with interest thereon commencing on the date of funding at the rate of fifteen and five hundredths percent (15.05%) per annum simple interest. I understand that references in this Promissory Note ("Note") to you shall also include any person to whom you transfer this Note.

**2. Payments.** This Note is payable in 60 monthly installments of $357.24 each, consisting of principal and interest, commencing on the 18th day of October 2015, and continuing until the final payment date of September 18 2020, which is the maturity date of this Note. The final payment shall consist of the then remaining principal, unpaid accrued interest and other charges due under this Note. All payments will be applied first to any unpaid fees incurred as a result of failed automated payments or returned bank drafts or checks, as provided in Paragraph 11; then to any charges for making payments other than as provided in this Note; then to any late charges then due; then to any interest then due; and then to principal. No unpaid interest or charges will be added to principal.

**3. Interest.** Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest under this Note will accrue daily, on the basis of a 365-day year. If payments are made on time, my final payment will be in the amount of a regular monthly payment. Because of the daily accrual of interest and the effect of rounding, my final payment may be more or less than my regular payment. I acknowledge that, if I make my payments after the scheduled due date, this Note will not amortize as originally scheduled, which may result in a substantially higher final payment amount. The interest rate I will pay will be the rate I will pay both before and after any default.

**4. Late Charge.** If the full amount of any monthly payment is not made by its due date, I will pay you a late charge of equal to the greater of $15 or an amount equal to 5% of the late payment. I will pay this late charge promptly but only once on each late payment.

**5. Waiver of Defenses.** Except as otherwise provided in this Note, you are not responsible or liable to me for the quality, safety, legality, or any other aspect of any property or services purchased with the proceeds of my loan. If I have a dispute with any person from whom I have purchased such property or services, I agree to settle the dispute directly with that person.

**6. Certification; Exception to Waiver.** I certify that the proceeds of my loan will not be applied in whole or in part to postsecondary educational expenses (i.e., tuition, fees, required equipment or supplies, or room and board) at a college/university/vocational school, as the term "postsecondary educational expenses" is defined in Bureau of Consumer Financial Protection Regulation Z, 12 C.F.R. § 1026.46 (b)(3). I further certify that, to my knowledge, the proceeds of my loan will not be applied in whole or part to purchase property or services from any person to whom any interest in this Note may be assigned. If, notwithstanding the preceding sentence, any person from whom I have purchased such property acquires any interest in this Note, then Paragraph 5 will not apply to the extent of that person's interest, even if that person later assigns that person's interest to another person.

**7. Method of Payment.** I will pay the principal, interest, and any late charges or other fees on this Note when due. Those amounts are called "payments" in this Note. To ensure that my payments are processed in a timely and efficient manner, you have given me the choice of making my monthly payments (i) by automated withdrawal from an account that I designate using an automated clearinghouse (ACH) or other electronic fund transfer, or (ii) by bank drafts drawn by you on my behalf on my account each month; and I have chosen one of these methods. If I close my account or if my account changes or is otherwise inaccessible such that you are unable to withdraw my payments from that account or draw bank drafts on the account, I will notify you at least three (3) days prior to any such closure, change or inaccessibility of my account, and authorize you to withdraw my payments from, or draw bank drafts on, another account that I designate.

With regard to payments made by automatic withdrawals from my account, I have the right to (i) stop payment of a preauthorized automatic withdrawal, or (ii) revoke my prior authorization for automatic withdrawals with regard to all further payments under this Note, by notifying the financial institution where my account is held, orally or in writing at least three (3) business days before the scheduled date of the transfer. I agree to notify you orally or in writing, at least three (3) business days before the scheduled date of the transfer, of the exercise of my right to stop a payment or to revoke my prior authorization for further automatic withdrawals.

**8. Default and Remedies.** If I fail to make any payment when due in the manner required by Paragraph 7, I will be in default and you may at your option accelerate the maturity of this Note and declare all principal, interest and other charges due under this Note immediately due and payable. If you exercise the remedy of acceleration you will give me at least thirty (30) days prior notice of acceleration.

**9. Prepayments.** I may prepay this Note in full or in part at any time without penalty.

FILED DATE: 3/2/2023 4:43 PM   2023CH02120
FILED DATE: 11/16/2022 12:18 PM   2022CH03691

9/27/2018                                                                                                      Borrower Promissory Note

**10. Waivers.** You may accept late payments or partial payments, even though marked "paid in full," without losing any rights under this Note, and you may delay enforcing any of your rights under this Note without losing them. You do not have to (a) demand payment of amounts due (known as "presentment"), (b) give notice that amounts due have not been paid (known as "notice of dishonor"), or (c) obtain an official certification of nonpayment (known as "protest"). I hereby waive presentment, notice of dishonor and protest. Even if, at a time when I am in default, you do not require me to pay immediately in full as described above, you will still have the right to do so if I am in default at a later time. Neither your failure to exercise any of your rights, nor your delay in enforcing or exercising any of your rights, will waive those rights. Furthermore, if you waive any right under this Note on one occasion, that waiver will not operate as a waiver as to any other occasion.

**11. Insufficient Funds Charge.** If I attempt to make a payment, whether by automated withdrawal from my designated account or by other means, and the payment cannot be made due to (i) insufficient funds in my account, (ii) the closure, change or inaccessibility of my account without my having notified you as provided in Paragraph 7, or (iii) for any other reason (other than an error by you), I will pay you an additional fee of $15.00 for each returned or failed automated withdrawal, bank draft or other item, unless prohibited by applicable law.

**12. Attorneys' Fees.** To the extent permitted by law, I am liable to you for your legal costs if you refer collection of my loan to a lawyer who is not your salaried employee. These costs may include reasonable attorneys' fees as well as costs and expenses of any legal action.

**13. Loan Charges.** If a law that applies to my loan and sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with my loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me.

**14. Assignment.** I may not assign any of my obligations under this Note without your written permission. You do not have to give me your permission. You may assign this Note at any time without my permission. Unless prohibited by applicable law, you may do so without telling me. My obligations under this Note apply to all of my heirs and permitted assigns. Your rights under this Note apply to each of your successors and assigns.

**15. Notices.** All notices and other communications hereunder shall be given in writing and shall be deemed to have been duly given and effective (i) upon receipt, if delivered in person or by facsimile, email or other electronic transmission, or (ii) one day after deposit prepaid for overnight delivery with a national overnight express delivery service. Except as expressly provided otherwise in this Note, notices to me may be addressed to my registered email address or to my address set forth above unless I provide you with a different address for notice by giving notice pursuant to this Paragraph, and notices to you must be addressed to WebBank at support@prosper.com or c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department.

**16. Governing Law.** This Note is governed by federal law and, to the extent that state law applies, the laws of the State of Utah.

**17. Miscellaneous.** No provision of this Note shall be modified or limited except by a written agreement signed by both you and me. The unenforceability of any provision of this Note shall not affect the enforceability or validity of any other provision of this Note.

**18. Arbitration. RESOLUTION OF DISPUTES: I HAVE READ THIS PROVISION CAREFULLY, AND UNDERSTAND THAT IT LIMITS MY RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND ME. I UNDERSTAND THAT I HAVE THE RIGHT TO REJECT THIS PROVISION, AS PROVIDED IN PARAGRAPH (I) BELOW.**

(a) In this Resolution of Disputes provision:

(i) "I," "me" and "my" mean the promisor under this Note, as well as any person claiming through such promisor;

(ii) "You" and "your" mean WebBank, any person servicing this Note for WebBank, any subsequent holders of this Note or any interest in this Note, any person servicing this Note for such subsequent holder of this Note, and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them; and

(iii) "Claim" means any dispute, claim, or controversy (whether based on contract, tort, intentional tort, constitution, statute, ordinance, common law, or equity, whether pre-existing, present, or future, and whether seeking monetary, injunctive, declaratory, or any other relief) arising from or relating to this Note or the relationship between you and me (including claims arising prior to or after the date of the Note, and claims that are currently the subject of purported class action litigation in which I am not a member of a certified class), and includes claims that are brought as counterclaims, cross claims, third party claims or otherwise, as well as disputes about the validity or enforceability of this Note or the validity or enforceability of this Section 18.

(b) Any Claim shall be resolved, upon the election of either you or me, by binding arbitration administered by the American Arbitration Association or JAMS, under the applicable arbitration rules of the administrator in effect at the time a Claim is filed ("Rules"). **Any arbitration under this arbitration agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** If I file a claim, I may choose the administrator; if you file a claim, you may choose the administrator, but you agree to change to the other permitted administrator at my request (assuming that the other administrator is available). I can obtain the Rules and other information about initiating arbitration by contacting the American Arbitration Association at 1633 Broadway, 10th Floor, New York, NY 10019, ████████████, www.adr.org; or by contacting JAMS at

FILED DATE: 3/2/2023 4:43 PM   2023CH02120
FILED DATE: 11/16/2022 12:18 PM  2022CH03691

1920 Main Street, Suite 300, Irvine, CA 92614, ▓▓▓▓▓▓▓▓▓▓, www.jamsadr.com. Your address for serving any arbitration demand or claim is WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department.

(c) Claims will be arbitrated by a single, neutral arbitrator, who shall be a retired judge or a lawyer with at least ten years' experience. You agree not to invoke your right to elect arbitration of an Individual Claim filed by me in a small claims or similar court (if any), so long as the Claim is pending on an individual basis only in such court.

(d) You will pay all filing and administration fees charged by the administrator and arbitrator fees up to $1,000, and you will consider my request to pay any additional arbitration costs. If an arbitrator issues an award in your favor, I will not be required to reimburse you for any fees you have previously paid to the administrator or for which you are responsible. If I receive an award from the arbitrator, you will reimburse me for any fees paid by me to the administrator or arbitrator. Each party shall bear its own attorney's, expert's and witness fees, which shall not be considered costs of arbitration; however, if a statute gives me the right to recover these fees, or fees paid to the administrator or arbitrator, then these statutory rights will apply in arbitration.

(e) Any in-person arbitration hearing will be held in the city with the federal district court closest to my residence, or in such other location as you and we may mutually agree. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. § 1-16, and, if requested by either party, provide written reasoned findings of fact and conclusions of law. The arbitrator shall have the power to award any relief authorized under applicable law. Any appropriate court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except that: (1) any party may exercise any appeal right under the FAA; and (2) any party may appeal any award relating to a claim for more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's cost, regardless of its outcome. However, you will consider any reasonable written request by me for you to bear the cost.

(f) YOU AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and I agree otherwise in writing, the arbitrator may not consolidate more than one person's claims. The arbitrator shall have no power to arbitrate any Claims on a class action basis or Claims brought in a purported representative capacity on behalf of the general public, other borrowers, or other persons similarly situated. The validity and effect of this paragraph (f) shall be determined exclusively by a court, and not by the administrator or any arbitrator.

(g) If any portion of this Section 18 is deemed invalid or unenforceable for any reason, it shall not invalidate the remaining portions of this section. However, if paragraph (f) of this Section 18 is deemed invalid or unenforceable in whole or in part, then this entire Section 18 shall be deemed invalid and unenforceable. The terms of this Section 18 will prevail if there is any conflict between the Rules and this section.

(h) YOU AND I AGREE THAT, BY ENTERING INTO THIS NOTE, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND I ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).

(i) I understand that I may reject the provisions of this Section 18, in which case neither you nor I will have the right to elect arbitration. Rejection of this Section 18 will not affect the remaining parts of this Note. To reject this Section 18, I must send you written notice of my rejection within 30 days after the date that this Note was made. I must include my name, address, and account number. The notice of rejection must be mailed to WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department. This is the only way that I can reject this Section 18.

(j) You and I acknowledge and agree that the arbitration agreement set forth in this Section 18 is made pursuant to a transaction involving interstate commerce, and thus the Federal Arbitration Act shall govern the interpretation and enforcement of this Section 18. This Section 18 shall survive the termination of this Note and the repayment of any or all amounts borrowed thereunder.

**19. Electronic Transactions.** THIS NOTE INCLUDES YOUR EXPRESS CONSENT TO ELECTRONIC TRANSACTIONS AND DISCLOSURES, WHICH CONSENT IS SET FORTH IN THE SECTION ENTITLED "CONSENT TO DO BUSINESS ELECTRONICALLY" AS DISCLOSED IN OUR TERMS OF USE ON OUR WEBSITE, THE TERMS AND CONDITIONS OF WHICH ARE EXPRESSLY INCORPORATED HEREIN IN THEIR ENTIRETY. YOU EXPRESSLY AGREE THAT THIS NOTE MAY COMPRISE A "TRANSFERABLE RECORD" FOR ALL PURPOSES UNDER THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT AND THE UNIFORM ELECTRONIC TRANSACTIONS ACT.

**20. Registration of Note Owners.** You have granted to Prosper Funding LLC and Prosper Marketplace, Inc. powers of attorney to appoint themselves or a third party as your authorized agent (in such capacity, the "Note Registrar") to maintain a book-entry system for recording the beneficial owners of interests in this Note (the "Note Owners"). If a Note Registrar is so appointed, the Note Registrar shall maintain such a book-entry system, any transfer by a Note Owner of its beneficial interest in this Note shall be effective only through the book-entry system maintained by the Note Registrar. Any such appointment will be made and any appointed Note Registrar may assign its duties as Note Registrar in relation to this Note to any person acquiring 100% beneficial interest in this Note without prior notice to you and without your prior consent.

FILED DATE: 3/2/2023 4:43 PM    2023CH02120
FILED DATE: 11/16/2022 12:16 PM    2022003691

9/27/2018                                    Borrower Promissory Note

By signing this Note, I acknowledge that I (i) have read and understand all terms and conditions of this Note, (ii) agree to the terms set forth herein, and (iii) acknowledge receipt of a completely filled-in copy of this Note.

Date: September 18 2015

By: Prosper Marketplace, Inc.

Attorney-in-Fact for Deborah L. Palanti [Borrower]

(Signed Electronically)


Last Updated: September 25, 2013


Copyright © 2005-2018 Prosper Marketplace, Inc. All rights reserved.

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

FILED DATE: 11/16/2022 12:18 PM   20222003691

FILED DATE: 3/2/2023 4:43 PM    2023CH02120

# EXHIBIT C

FILED DATE: 3/2/2023 4:43 PM  2023CH02120

## District 2

# Case Summary

### Case No. 20222003691

**Velocity Investments, Llc -vs- Deborah Palanti**

| | |
|---|---|
| § | Location |
| § | **District 2** |
| § | Judicial Officer |
| § | **Courtroom, 0202** |
| § | Filed on |
| § | **11/16/2022** |
| § | Case Number History |
| § | **20222003691** |
| § | Cook County Attorney Number |
| § | **59794** |
| § | Cook County Attorney Number |
| § | **41106** |

---

## Case Information

Case Type:   Consumer Debt - Non-Jury
Case Status:   **11/16/2022   Pending**

File Date   11/16/2022
**Cause of Action**
Ad Damnum
   **Description/Remedy**
   Action
   Remedy Amount
   $10,312.37 Amount Claimed

---

## Assignment Information

**Current Case Assignment**
Case Number       20222003691
Court             District 2
Date Assigned     01/24/2023
Judicial Officer  Courtroom, 0202

---

# Party Information

*Lead Attorneys*

| | | |
|---|---|---|
| **Plaintiff** | **Velocity Investments, Llc** | **MANDARICH LAW GROUP, LLP** |
| | PO Box 109032 | ***Retained*** |
| | Chicago, IL 60610 | 888-498-2598(W) |

**Defendant** **Palanti, Deborah**



---

# Events and Orders of the Court

05/19/2023    **Consumer Debt Initial Case Management Hearing**   (10:00 AM)    (Judicial
Officer: Courtroom, 0205)
         Resource: Location CVD20205 Court Room 0205
         Resource: Location D2 District 2 - Skokie

04/06/2023    **Status Hearing**   (9:30 AM)   (Judicial Officer: Warnick, Jeffrey L)
         Resource: Location CVD20202 Court Room 0202
         Resource: Location D2 District 2 - Skokie

02/09/2023    
Electronic Notice Sent
         Party:   Plaintiff Velocity Investments, Llc
         Party 2:   Attorney MANDARICH LAW GROUP, LLP

02/09/2023
Postcard Generated
         Party:   Plaintiff Velocity Investments, Llc
         Party 2:   Attorney MANDARICH LAW GROUP, LLP

02/09/2023
Electronic Notice Sent
         Party:   Plaintiff Velocity Investments, Llc
         Party 2:   Attorney MANDARICH LAW GROUP, LLP

02/08/2023    Case Set On Status Call    (Judicial Officer: Warnick, Jeffrey L)
         *n/o*
         Party:   Plaintiff Velocity Investments, Llc

02/08/2023    Case Assigned to Zoom Hearing - Allowed

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

02/08/2023   **Motion Hearing**  (9:30 AM)   (Judicial Officer: Warnick, Jeffrey L)
                 Resource: Location CVD20202 Court Room 0202
                 Resource: Location D2 District 2 - Skokie

02/06/2023   **Motion Hearing**  (1:30 PM)   (Judicial Officer: Courtroom, 0205)
                 Resource: Location CVD20205 Court Room 0205
                 Resource: Location D2 District 2 - Skokie

01/24/2023   

             Notice Of Motion Filed
                 *Notice of Defendant's Motion to Compel Arbitration and Stay Case*
                 Party:   Defendant Palanti, Deborah

01/19/2023   

             Notice Of Motion Filed
                 *Notice of Defendant's Motion to Compel Arbitration and Stay Case*
                 Party:   Defendant Palanti, Deborah

01/19/2023   

             Motion Filed
                 *Defendant's Motion to Compel Arbitration and Stay Case*
                 Party:   Defendant Palanti, Deborah

01/19/2023   

             Notice Of Filing Filed
                 *Notice of Filing - Defendant's Motion to Compel Arbitration and Stay Case*
                 Party:   Defendant Palanti, Deborah

01/19/2023   

             Appearance Filed - Fee Paid -
                 *Appearance of Defendant Deborah Palanti*
                 Party:   Defendant Palanti, Deborah

01/19/2023   

             Notice Of Filing Filed
                 *Notice of Filing - Appearance*
                 Party:   Defendant Palanti, Deborah

12/12/2022   

             Summons Served By Special Process Server
                 Party:   Plaintiff Velocity Investments, Llc

12/08/2022   

             Summons Returned - N.S. Reason: Other Reason
                 *Sheriff ID: 50232276, Sheriff Filename: 2022200369150232276.pdf*
                 Date Served:   12/06/2022
                 Party:   Defendant Palanti, Deborah

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

11/16/2022    New Case Filing

11/16/2022    **Cause of Action** Ad Damnum (Remedy Amount)
Action Type    Action
Remedies Sought    Amount Claimed

11/16/2022    Consumer Debt Complaint Filed

11/16/2022    Affidavit As To Military Service Filed
        Party:    Plaintiff Velocity Investments, Llc
        Party 2:    Attorney MANDARICH LAW GROUP, LLP

11/16/2022    Notice Of Filing Filed
        *Civil Action Cover Sheet*
        Party:    Plaintiff Velocity Investments, Llc
        Party 2:    Attorney MANDARICH LAW GROUP, LLP

11/16/2022    Summons Issued And Returnable
        Party:    Plaintiff Velocity Investments, Llc
        Party 2:    Attorney MANDARICH LAW GROUP, LLP

FILED DATE: 3/2/2023 4:43 PM    2023CH02120

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

# EXHIBIT D

Deborah Palanti

███████████████

**CONGRATULATIONS!**

Your response to the Complaint begins on the next page. If using our free service, you need to

print two copies of the response. One copy must be mailed to the court, and the other must be

mailed to the lawyer suing you.

1. **The Court**

   **Second Municipal District**

   **5600 Old Orchard Road**

   **Skokie IL 60077**

2. **The lawyer suing you:**
   Mandarich Law Group, LLP
   P.O. Box 109032
   Chicago Illinois 60610

A self-service document from **Solo**Suit

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

Deborah Palanti

███████████████████████

*Defendant is self-represented*

---

**IN THE CIRCUIT COURT OF THE 2ND MUNICIPAL DISTRICT**

**COOK COUNTY, ILLINOIS**

---

| | |
|---|---|
| Velocity Investments, LLC, | **ANSWER** |
|     Plaintiff, | |
| | Civil No.: 20222003691 |
| vs. | |
| Deborah Palanti, | Judge: |
|     Defendant(s). | |

Defendant answers Plaintiff's Complaint as follows.

**RESPONSE TO ALLEGATIONS**

1.  Defendant denies the allegation in paragraph 1.

2.  Defendant denies the allegation in paragraph 2.

3.  Defendant denies the allegation in paragraph 3.

4.  Defendant denies the allegation in paragraph 4.

5.  Defendant denies the allegation in paragraph 5.

6.  Defendant denies the allegation in paragraph 6.

7.  Defendant denies the allegation in paragraph 7.

8.  Defendant denies the allegation in paragraph 8.

9.  Defendant denies the allegation in paragraph 9.

10. Defendant denies the allegation in paragraph 10.

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

Defendant denies each and every allegation in the Complaint that is not expressly admitted herein.

With respect to all paragraphs in which Plaintiff prays for damages or other relief, Defendant denies that Plaintiff is entitled to such relief under law.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by the doctrines of laches, equitable estoppel, and unclean hands.

2. Plaintiff's claims are barred in whole or in part because of a failure to mitigate damages.

3. Plaintiff's claims are barred in whole or in part by the statute of limitations.

4. Plaintiff's claims are barred in whole or in part because Defendant paid all or part of the debt.

5. Plaintiff's claims are barred in whole or in part because Plaintiff does not correctly state the amount owed.

6. Plaintiff's claims are barred in whole or in part because Plaintiff harassed Defendant for the debt in violation of the law.

7. Defendant requests that Plaintiff perform an accounting and provide Defendant with documentation that proves the amount that Defendant allegedly owes.

8. Plaintiff's claims are barred in whole or in part because the contract language is vague and ambiguous.

WHEREFORE, Defendant requests the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and Plaintiff take nothing therefrom;

FILED DATE: 3/2/2023 4:43 PM    2023CH02120

# EXHIBIT E

**STATE OF ILLINOIS,
CIRCUIT COURT**

| | | | |
|---|---|---|---|
| | | **SUMMONS** | **FILED**<br>11/16/2022 12:18 PM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL |
| COOK M2 **COUNTY** | | | For Court Use Only |

| **Instructions ▼** | Velocity Investments, LLC | |
|---|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** (First, middle, last name) | |
| Enter your name as Plaintiff/Petitioner. | v.<br>DEBORAH PALANTI | |
| Enter the names of all people you are suing as Defendants/ Respondents. | **Defendant / Respondent** (First, middle, last name) | 20222003691<br><br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** (Check this box if this is not the 1st Summons issued for this Defendant.) | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1. Defendant/Respondent's address and service information:**<br>a. Defendant/Respondent's primary address/information for service:<br>Name (First, Middle, Last): DEBORAH PALANTI<br>Registered Agent's name, if any: _____<br>Street Address, Unit #: ████████████<br>City, State, ZIP: ████████<br>Telephone: _____ Email: _____ |
|---|---|
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name (First, Middle, Last): _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent:<br>☒ Sheriff    ☐ Sheriff outside Illinois: _____<br>*County & State*<br>☐ Special process server    ☐ Licensed private detective |

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:** |
| | Amount claimed: $ 10,312.37 plus costs |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:** |
| | Name *(First, Middle, Last)*: Mandarich Law Group, LLP |
| | Street Address, Unit #: P.O. Box 109032 |
| | City, State, ZIP: Chicago, IL 60610 |
| | Telephone: 877.285.4918       Email: illinois@mandarichlaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):** |
| | [X] a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at: |
| | Address: 5600 OLD ORCHARD ROAD |
| | City, State, ZIP: SKOKIE IL 60077 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | [ ] b. Attend court: |
| | On: _____ at _____ [ ] a.m. [ ] p.m. in _____ |
| | *Date*           *Time*                        *Courtroom* |
| | **In-person at:** |
| In **4b**, fill out: • The court date and time the clerk gave you. • The courtroom and address of the court building. • The call-in or video information for remote appearances (if applicable). The clerk's phone number and website. All of this information is available from the Circuit Clerk. | 5600 OLD ORCHARD ROAD , SKOKIE IL 60077 |
| | *Courthouse Address*      *City*               *State*      *ZIP* |
| | OR |
| | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): |
| | By telephone: _____ |
| | *Call-in number for telephone remote appearance* |
| | By video conference: _____ |
| | *Video conference website* |
| | _____ |
| | *Video conference log-in information (meeting ID, password, etc.)* |
| | Call the Circuit Clerk at: _____ or visit their website |
| | *Circuit Clerk's phone number* |
| | at: _____ to find out more about how to do this. |
| | *Website* |

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | Witness this Date: 11/16/2022 12:18 PM IRIS Y. MARTINEZ _____ |
| | Clerk of the Court: _____ |
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.** |
| | Date of Service: _____ |
| | *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

*Seal of Court*

FILED DATE: 5/23/2024 2:48 PM 20222003691

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| COOK M2 COUNTY | | |

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | Velocity Investments, LLC<br><br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>DEBORAH PALANTI<br><br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1ˢᵗ Summons issued for this Defendant.)* |

**20222003691**

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

   ☐ Personally on the Defendant/Respondent:
   Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____

   ☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
   member or lives there:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address, Unit#: _____
   City, State, ZIP: _____
   And left it with: _____
                      *First, Middle, Last*
   Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the
   above address on _____ , 20 _____ .

   ☐ On the Corporation's agent, _____
                                    *First, Middle, Last*
   Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

20222003691

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

**By:** _____

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
                 ☐ Special process server
                 ☐ Licensed private detective

**FEES**

Service and Return: $ _____
Miles _____  $ _____
Total            $ 0.00 _____

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

### GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

#### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

#### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

#### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

#### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

#### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

#### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

#### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

#### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 3/2/2023 4:43 PM   2023CH02120

# EXHIBIT F

FILED DATE: 3/2/2023 4:43 PM    2023CH02120







**George Simons**

Co-Founder of SoloSuit (YC W21) #Hiring 🔥🚀💥

Provo, Utah, United States

5K followers · 500+ connections

Join to view profile

 SoloSuit

 Y Combinator

## About

I seek to do good for the largest amount of people I can. I do so one person at a time.

## Activity



FILED DATE: 3/2/2023 4:43 PM  2023CH02120

Liked by George Simons



This weekend is going to be a blast in Salt Lake City! Film 🎥 ✅ Immigration tech 🌐 ✅ Access to justice ⚖️ ✅ How am I going to find time to ski on...

Liked by George Simons



One of the hard skills I cherish the most as a founder is UX/UI. I literally use it everyday, and it's been extremely valuable for our product...

Liked by George Simons

Join now to see all activity

## Experience

**Co-Founder, CEO**
SoloSuit
Jan 2019 - Present · 4 years 2 months
Provo, Utah Area





May 2019 - Aug 2019 · 4 months



### Co-Founder
Lawble

May 2018 - Jan 2019 · 9 months

Provo, Utah Area



### Fellow, International Center for Law and Religion Studies
J. Reuben Clark Law School

May 2017 - Sep 2017 · 5 months

Provo, UT



### Legal Intern, Office of General Counsel
The Church of Jesus Christ of Latter-day Saints

May 2017 - Jun 2017 · 2 months

São Paulo Area, Brazil



### Finance Director
Republican Party of Hawaii

Oct 2015 - Apr 2016 · 7 months

Honolulu, HI



### Field Director
Republican National Committee

May 2014 - Dec 2014 · 8 months

Anchorage, Alaska Area



### Intern
United States Senate

Jan 2014 - May 2014 · 5 months

Washington D.C. Metro Area



### Trailwalker
Anasazi Foundation

Apr 2013 - Jan 2014 · 10 months

Mesa, AZ



### Program Director
Boy Scouts of America

Jul 2013 - Jul 2013 · 1 month

Teton Canyon, WY

FILED DATE: 3/2/2023 4:43 PM    2023CH02120

Case: 1:23-cv-02365 Document #: 1-1 Filed: 04/14/23 Page 52 of 136 PageID #:61

FILED DATE: 3/2/2023 4:43 PM  2023CH02120

 LinkedIn                                                   

Sep 2012 - Dec 2012 · 4 months

Rexburg, ID

## Education


**Y Combinator**
SoloSuit YC W21

2021 - 2021


**Brigham Young University Marriott School of Business**
Master of Business Administration - MBA Candidate

2018 - 2020


**Brigham Young University—J. Reuben Clark Law School**
Doctor of Law (J.D.) · Law

2016 - 2019

Activities and Societies: The Center for Law and Religion Studies Phi Delta Phi


**Brigham Young University - Idaho**
Completing a Bachelors of Arts · Political Science · Senior

2010 - 2013

Activities and Societies: Outdoor Activities, Pi Sigma Alpha, Student Safety Council, JPPS
I am also studying with a double emphasis in communications and emergency response.

## Volunteer Experience


**Founder**
SLC Legal Hackers

Jan 2018 - Present · 5 years 2 months
I founded the local chapter of Legal Hackers, a global network that brings together lawyers
and technologists to discuss issues like legal tech and Blockchain.


**Volunteer Missionary**
The Church of Jesus Christ of Latter-day Saints

2008 - 2010 · 2 years

Mission Brazil Salvador South

## Courses

FILED DATE: 3/2/2023 4:43 PM   2023CH02120





**Political Science Capstone**
POLSC497

---

## Projects

### Mom and Pop PR
Sep 2012 - Dec 2012

We collaborated and created an educational vodcast directed toward owners of small businesses. The vodcast takes viewers through a four episode series, increasing their practical knowledge of new media pr tactics through beneficial how-to's and case study analysis.

In other words, we told old people whats up with new media.

I coordinated the case studies and played an implemental role in filming and editing.

Other creators

See project

### Info Videos for Outdoor Activities
Jan 2011 - Jul 2011

A series of videos designed to illustrate the breadth of activities Outdoor offers and to encourage students to sign-up and participate.

See project

---

## Languages

**Portuguese**

-

---

## Recommendations received

### Bert Grabinger
"George is an amazing guy. I worked with him for several years as he became a thought leader in legal technology and innovation. But George isn't just an idea man, he makes things happen.

FILED DATE: 3/2/2023 4:43 PM   2023CH02120




empathetic, deeply intelligent, well-spoken, and fun to work with. Any organization will benefit from his talents as a relationship builder and experience designer."

**Austin Taylor**

"George is a focused and well-spoken individual. He volunteered for my organization for a fundraiser campaign and brought in hundreds of dollars. He's intelligent, approachable, and easy to work with. "

3 people have recommended George

**Join now to view**

## More activity by George

**Which side are you on? 🪙😎 I was blown away at how impressive OpenAI's new ChatGPT is. This is the most accessible, powerful AI I've seen. Give it...**

Liked by George Simons

**I was sworn in (virtually) as an attorney today!**

Liked by George Simons

## View George's full profile

See who you know in common

Get introduced

Contact George directly




FILED DATE: 3/2/2023 4:43 PM    2023CH02120

d

it

olitan Area

ing Director at The LegalTech Fund

e Area

cklear

Manager at SoloSuit

ith respond to a debt lawsuit. We ask couple question about your case. Based on your
gitimate reaction for you.

nkey

aken

hair at Lucid

olitan Area

Mining Group LLC

ting Group Board Member at Atlanta Braves

hief Growth Officer at Splash Factory LLC | Chief Digital Officer at Monarch Blockchain

xecutive Officer at Paydit

eer advice?

e Hub to see tips on accelerating your career.

e Hub

FILED DATE: 3/2/2023 4:43 PM    2023CH02120





versophy®. Consulting, training in IC communication & negotiation

tan Area

Manager at Aera Technology

ment | Rethinking the CX | Contact Center Solutions | MBA | Pod Cast Fan

ore children connect with nature

mons are on LinkedIn

ge Simons

these courses

ons Foundations

a Press Release

keting: Blogging for Business

ofile badge

on other websites

Suit (YC W21) #Hiring 🐣🚀🌟

loSuit

Linked**in**

About

FILED DATE: 3/2/2023 4:43 PM   2023CH02120





Copyright Policy

Guest Controls

Language

FILED DATE: 3/3/2023 11:18 AM 2023CH02120

FILED
3/3/2023 11:18 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21714161

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DEBORAH PALANTI, on behalf of Plaintiff and a class, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | 2023 CH 02120 |
| LAWBLE, INC., doing business as SoloSuit and www.SoloSuit.com; GEORGE A. SIMONS; and SCOTT ERICKSON, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF FILING

**PLEASE TAKE NOTICE,** that on March 3, 2023, I caused to be filed with the Circuit Court of Cook County, Illinois, Chancery Division, the following document: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION,** a copy of which is attached hereto and hereby served upon you.

s/*Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Roman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that I had a copy of this document placed for service with the complaint.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Roman
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

Atty. No. 41106

FILED
3/3/2023 11:18 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21714161

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DEBORAH PALANTI, <br> on behalf of Plaintiff and <br> a class, <br><br>          Plaintiff, <br><br>     v. <br><br> LAWBLE, INC., doing <br> business as SoloSuit and <br> www.SoloSuit.com; <br> GEORGE A. SIMONS; and <br> SCOTT ERICKSON, <br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     2023 CH 02120 |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Deborah Palanti, respectfully requests that the Court order that this action, alleging violation of the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, may proceed on behalf of a class against Defendants Lawble Inc., d/b/a SoloSuit and SoloSuit.com; George A. Simons; and Scott Erickson.

The class consists of (a) all individuals sued in Illinois (b) who used www.SoloSuit.com to prepare responses to such suits (c) on or after a date three years prior to the filing of this action. The subclass consists of class members who used the "Premium" service.

Plaintiff is required to file a motion for class certification with the Complaint, *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.,* 2015 IL 118644, 48 N.E.3d 1060, and may request leave to supplement it later.

In support of this motion, Plaintiff states:

## NATURE OF THE CASE

1.     Plaintiff Deborah Palanti is a resident of Cook County, Illinois, and brings this action to secure redress against the promoters of a purported self-help legal website, www.SoloSuit.com,

-1-

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

for unfair and deceptive acts and practices.

2.      Defendant Lawble, Inc., d/b/a SoloSuit is a corporation that uses the address 2261 Market St., #4379, San Francisco, CA 94114-1612, which is a private mail box. Defendant George A. Simons is the sole officer and director of Lawble, Inc., and its cofounder.  He is also its registered agent.  He may be found at 235 E 3060 N, Provo, UT 84604-3936. Defendant Scott Erickson is the other cofounder of Lawble, Inc., and is its chief technology officer.

3.      Defendants Simons and Erickson devised the methods of doing business used by Lawble, Inc., d/b/a SoloSuit.

4.      Lawble, Inc., operates a web site, www.SoloSuit.com, which states: "Beat debt collectors / Get the legal help you need to win against debt collectors. Our automated software will help you successfully fight collectors."

5.      The website states: "Every year, 10 million Americans are sued for a debt. 90 percent of them lose by default because they can't figure out how to respond and they only have 14-30 days to respond. [ ] This is where SoloSuit comes in! [ ]  SoloSuit asks a few simple questions about your case. Based on your answers, SoloSuit prepares a response and instructs you on how to file. Responding to a lawsuit is the first step in defending yourself. SoloSuit can help you take that step and guide you to additional resources when you're done."

6.      In late 2022, Plaintiff was being sued by a debt buyer, Velocity Investments LLC, which claimed to be the assignee of a 15.05% loan agreement, nominally with WebBank, but originated through Prosper Funding.  The complaint is in Exhibit A and the agreement sued upon in Exhibit B.

7.      Plaintiff was served on December 6, 2022 (Docket, Exhibit C).

8.      There are valid defenses to such an action, most importantly arising out of the fact that it involved what is known among consumer lawyers as a "rent a bank" or "rent a charter" arrangement.   Prosper Funding is a consumer lender that is  not licensed by the Illinois Department of Financial and Professional Regulation and is not a bank or credit union. Such lenders

-2-

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

are not entitled to charge more than 9% interest on a consumer loan to an Illinois borrower. To avoid the 9% limitation, Prosper Funding entered into an arrangement with Webbank, a bank, whereby loans would nominally be made by Webbank. However, Prosper Funding accepted applications, approved loans, serviced and collected the loans and bore substantially all of the economic risk involved. The bona fides of such an arrangement are subject to challenge.

9.      In addition, the credit agreement provided for arbitration.

10.     Plaintiff accessed the  www.SoloSuit.com website and followed the instructions.

11.     Plaintiff selected the "premium" package, which states in readable print: "Attorney review [¶]Once you complete your response it will be reviewed by a professional debt-collection attorney to make sure everything looks good before filing. If they recommend changes we will let you know."

12.     The "premium" package also states that SoloSuit will transmit the answer to the court for filing and pay the filing fee.

13.     All options offered by Defendants state, "100% guaranteed filing with the Court or your money back."

14.     A page entitled "Legal Disclaimer" states:

SoloSuit is an online provider of legal "fill in the blank" forms and general legal information. SoloSuit is not a law firm and we do not provide legal advice or represent you in any way.

By using this web app or our legal forms, you are not accessing attorney services or legal advice, *unless you purchase the Premium Option which includes review of your completed form by an independently contracted attorney*. SoloSuit's services, including our web app, our legal forms, and any information we provide, are not a substitute for the advice of an attorney.

By using this web app or our legal forms, including through our "Premium" package, you are not establishing an attorney-client relationship with SoloSuit or any of its employees. SoloSuit makes no guarantee or representation that information provided to SoloSuit is protected by attorney-client privilege or as work product.

In accessing this web app, the user represents that it has provided accurate and truthful information in completing a form and the user assumes all responsibility to provide correct and up-to-date information. Inaccuracies in information provided by the user could affect the validity or enforceability of the documents generated by the web app. You will read any and all SoloSuit documents that you download and print prior to signing them. You take sole responsibility for the accuracy of your personal information contained in SoloSuit documents that you sign.

-3-

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

Each person's legal situation is different and complex situations may require legal advice and representation. It is not possible for the web app to identify all situations in which legal representation is recommended, necessary or desirable. We do not review your documents or any information you input for accuracy or legal sufficiency, draw legal conclusions, provide legal advice or apply the law to the facts of your particular situation.

Each user has the obligation to make his or her own determination as to whether to seek the advice of a lawyer.

Different states have different rules that may affect the enforceability or validity of answers, and each state's laws may change over time. SoloSuit cannot ensure that the documents generated through use of the web app will be enforceable or valid in all states or in every instance. Each user assumes the responsibility to seek legal review of their documents. For SoloSuit services subject to the state of North Carolina, SoloSuit does not disclaim any warranties or liability and does not limit the recovery of damages or other remedies by the user.  (Emphasis added)

15.     The fine print at the bottom of www.SoloSuit.com states:  "SoloSuit is not an attorney or a law firm. Nor is it a substitute for an attorney or law firm. We do not provide legal advice nor do we practice law. This site only contains legal information, not legal advice. SoloSuit is a self-help tool. This site does not create an attorney-client relationship. We provide no guarantee regarding case outcomes nor are we liable for any case outcomes. Use of its products are governed by its Terms of Service, Privacy Policy, and Legal Disclaimer."

16.     In reliance on the representations made on the website, Plaintiff paid the charges requested by SoloSuit for the "premium" package and  provided all information requested.

17.     On information and belief, none of the money paid by Plaintiff and other clients to Solosuit was placed in a trust account.

18.     SoloSuit generated the document in Exhibit D. SoloSuit did not transmit any answer to the Circuit Court in accordance with court rules or pay the fee for filing an appearance and answer.  A month after Plaintiff's use of the website, the docket showed nothing had been filed or paid between the return of service on Plaintiff, on December 12, 2022, and the filing of an appearance and motion by counsel ultimately retained by Plaintiff, on January 19, 2023. (Docket, Exhibit C). If a document is submitted by electronic filing, it usually appears on docket within one business day.

19.     The document generated by SoloSuit for Plaintiff (Exhibit D) states that a copy

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

should be mailed to the Court.

20.     Illinois courts require e-filing without a waiver granted in the specific case.  The Summons served upon Plaintiff (Exhibit E) states that "E-filing is now mandatory with limited exemptions."

21.     Thus, while Defendants state, "100% guaranteed filing with the Court," it is 100% certain that the documents they generate will not be properly filed in the manner required under Illinois court rules.

22.     Upon realizing that nothing had been filed, Plaintiff hired counsel.

23.     Persons who begin using the  www.solosuit.com website and discontinue its use receive an email solicitation from "George," who identifies himself as "a founder of SoloSuit," asking the person to resume using the website and doing business with Defendants. (Exhibit F).  On information and belief this is George A. Simons.

24.     The email states that "Filing an Answer document is the only way to respond."  This is not true.  A motion or request for bill of particulars may also be filed.

25.     The email states that if the recipient does not respond to the lawsuit,  "The debt collector will take money from your paycheck or bank account. They'll file a Writ of Garnishment which will allow them to remove money from your bank account and take up to 25% out of every paycheck. Ouch."

26.     Illinois has greater limitations on court-ordered wage deductions, so that the quoted statement is never true.

27.     The email states, "Choose Premium and we'll have an attorney review your case and we'll file for you . . . ."

28.     In fact, an attorney will not review the claims against her and see if there are defenses.

29.     On information and belief www.SoloSuit.com never files documents in conformity with Illinois court rules requiring e-filing or an exemption in the particular case.

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

30.     Plaintiff sought to dispute the charge SoloSuit had placed on her credit card. SoloSuit claimed that it had provided the services requested when it had not.

31.     The representations which Defendants make to all Illinois residents concerning its services are deceptive and misleading, in that:

a.     SoloSuit advises persons sued for less than $10,000 in Illinois to file answers, when answers are not required in such cases and filing an appearance operates as a general denial.

b.     The answers that are generated by www.solosuit.com do not comply with Illinois pleading requirements and are likely to result in a motion to strike being filed.  The answers (such as Exhibit D) include affirmative defenses of "laches," "waiver," "estoppel," "unclean hands" and payment without any allegations of facts, as required by Illinois law.

c.     The documents purport to be transmitted by mail to the Clerk of the Circuit Court, when the Illinois courts require electronic filing absent a waiver in the specific case.

d.     SoloSuit thus represents that a pleading is being filed, when in fact it isn't, thereby misleading the consumer into believing that a default has been avoided, when this is not the case.

e.     SoloSuit represents that it will provide "the legal help you need to win against debt collectors" when that is not true.

32.     The representations which Defendants make to Illinois purchasers of its "premium" package are additionally deceptive and misleading, in that:

a.     Defendants suggest in the legible print that purchasers of the "premium" package receive legal advice concerning the claims against them, when they do not, and the fine print is inconsistent and disclaims such advice.

b.     The documents generated are not anything which competent Illinois

-6-

attorneys would prepare or approve.

33.     Defendants engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

      a.      Making the representations set forth above;

      b.      Failing to comply with the representations;

      c.      Undertaking to transmit documents as required by Illinois court rules and not doing so.

34.     Defendants engaged in such conduct in the course of trade and commerce.

35.     Defendants engaged in such conduct to obtain money from Plaintiff and others.

36.     Defendants' conduct is contrary to public policy, which prohibits laypersons from giving legal advice.

## REQUIREMENTS FOR CLASS CERTIFICATION

37.     Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, states:

Prerequisites for the maintenance of a class action.

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)     The class is so numerous that joinder of all members is impracticable.

(2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)     The representative parties will fairly and adequately protect the interest of the class.

(4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

Although the statute was modeled after Rule 23 of the Federal Rule of Civil Procedure, some differences exist between the two. *Eshaghi v. Hanley Dawson Cadillac Co.,* 214 Ill. App. 3d 995, 999, 574 N.E.2d 760, 762 (1st Dist. 1991).

38.     The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802.  The circuit court has discretion as to whether an action may proceed as a class

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

action.  *Haywood v. Superior Bank,* 244 Ill. App. 3d 326, 328, 614 N.E.2d 461, 463 (1st Dist. 1993)

(overturning the lower court's denial of class certification in a landlord-tenant case).

39.     Class actions are essential to enforce laws protecting consumers.  As the court stated

in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer
> protection. . . . To consumerists, the consumer class action is an inviting procedural device
> to cope with frauds causing small damages to large groups.  The slight loss to the individual,
> when aggregated in the coffers of the wrongdoer, results in gains which are both handsome
> and tempting.  The alternatives to the class action  --  private suits or governmental actions
> --  have been so often found wanting in controlling consumer frauds that not even the
> ardent critics of class actions seriously contend that they are truly effective.  The consumer
> class action, when brought by those who have no other avenue of legal redress, provides
> restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766)

40.     As demonstrated below, each of the requirements for class certification is met.

**Numerosity**

41.     Section 2-801(1) parallels the language of Federal Rule of Civil Procedure 23(a)(1);

therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules.

*Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450, 555 N.E.2d

1150, 1153 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude

that the number of members of the proposed class is greater than the minimum number required for

class certification, which is about 10-40.  *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038

(1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d

1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney,* 113 F.R.D. 60, 62

(N.D. Ill. 1986) (10-29 members sufficient).

42.     Illinois case law further indicates that "[t]he number of class members is relevant, not

determinative." *Wood River Area Dev. Corp.,* 198 Ill. App. 3d at 450, 555 N.E. 2d at 1153. Where the

class size is smaller, other factors may come into play to demonstrate that joinder is impractical,

including: (1) geographical spread of class members, (2) ease of identifying and locating class

members, (3) the knowledge and sophistication of class members and their need for protection, (4)

the size of class members' claims, and (5) the nature of the case. *Id.* at 450-51, 555 N.E. 2d at 1153-

54.

43.	It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Lit.,* 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross,* 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986). The Court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination. . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

44.	In the present case, Plaintiff alleges that the class and subclass is so numerous that joinder of all members is not practicable, based on the volume of Defendants' business activity. Specifically, Defendant George Simons claims to have provided services to over 100,000 people, and that the numbers keep rising each month (Exhibit G). Additionally, Defendants represent on the SoloSuit website that its "community" is comprised "of over 40,000 people" and Defendants appear to conduct business in all fifty states (Exhibit H).

45.	While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *Wood River Area Dev. Corp.,* 198 Ill. App. 3d at 450, 555 N.E.2d at 1153 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson,* 441 F.Supp. 254, 256 (D.Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity,

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

even though it was impossible to identify which of 148 families were denied benefits because of policies complained of).

**Common Questions and Predominance**

46.     A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.,* 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist.1992).

47.     In the present case, the predominant common questions are:

      a.      Whether SoloSuit's procedures for  transmitting documents to Illinois courts comply with Illinois court rules;

      b.      Whether the representations made by SoloSuit on its website and emails, such as that a pleading is being filed when it is not being filed electronically as required by Illinois rules, are false and misleading;

      c.      Whether SoloSuit generates documents that do not comply with Illinois pleading requirements;

      d.      Whether purchasers of the "premium" package receive legal advice.

48.     Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

49.     The only individual issue is the identification of the class members, a matter easily ascertainable from the files of Defendants.

50.      Questions readily answerable from a party's files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

-10-

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

**Adequacy of Representation**

51.     The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors:  (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).

52.     Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Exhibit I, which sets forth counsel's qualifications.

53.     There are no conflicts between Plaintiff and the class members.

**Appropriateness of Class Action**

54.     Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented.  *Eovaldi v. First Nat'l Bank,* 57 F.R.D. 545 (N.D.Ill. 1972).  It is proper for a court, in deciding this issue, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

55.     In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated.  In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

56.     The special efficacy of the class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit.  This is particularly important where, as here, a large number of small and medium sized claimants may be involved.  In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

*In re Folding Carton Antitrust Lit.*, 75 F.R.D. 727, 732 (N.D.Ill. 1977) (citations omitted).)  Another

-11-

court noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D.Pa 1994).

## **CONCLUSION**

57.     The Court should certify this action as a class action.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Roman
**EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com
Atty. No. 41106 (Cook)

-12-

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that I had a copy of this document placed for service with the complaint.


*/s/ Daniel A. Edelman*
Daniel A. Edelman

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

# EXHIBIT A

System Generated Hearing Date: 5/19/2023 10:00 AM
Location: Court Room 0205
Judge: Courtroom, 0205

MLG-4542196

FILED
11/16/2022 12:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

FILED DATE: 3/3/2023 11:18 AM   2023CH02120   20222003691
FILED DATE: 11/16/2022 12:18 PM   20222003691

IN THE CIRCUIT COURT OF COOK COUNTY
SECOND MUNICIPAL DISTRICT

Velocity Investments, LLC,
    Plaintiff,

      v.

DEBORAH PALANTI
    Defendant,

Case No. 20222003691

Amount Claimed $10,312.37
plus Costs

## Complaint

    NOW comes Plaintiff, Velocity Investments, LLC by and through its counsel, Mandarich Law Group, LLP, and in support of its claim against DEBORAH PALANTI states as follows:

    1.    That Plaintiff, Velocity Investments, LLC is a foreign LLC registered to conduct business in the State of Illinois.

    2.    That Defendant DEBORAH PALANTI is an individual believed to be a resident of Cook County, Illinois at the commencement of this cause and venue is proper in the Circuit Court of Cook County, Illinois.

    3.    That on or about September 18, 2015, Defendant entered into a Consumer Loan Agreement "Agreement" with WebBank designated by account number XX8895.

    4.    That Defendant received and used (or authorized the use of) the loan and thus became obligated to pay for charges incurred.

    5.    That Defendant defaulted on his/her obligation to make payments on the Consumer Loan account and the account was subsequently charged off to Profit and Loss by WebBank resulting in the balance due Plaintiff of $10,312.37.

    6.    That Plaintiff, Velocity Investments, LLC became owner of the charged off account by virtue of a purchase entered into by Plaintiff and its predecessor(s) in interest.

This communication is from a debt collector and is an attempt to collect a debt.

7.      That all credits and payments have been properly applied. Defendant is not entitled to any additional credits or set offs on the account of any kind and the balance set forth herein is currently due and owing.

8.      That demand has been made on Defendant to pay the balance due and owing by Plaintiff's counsel and said demand for payment has been refused.

9.      This suit is filed within the relevant statute of limitations.


WHEREFORE, Plaintiff, Velocity Investments, LLC prays that this Honorable Court enter an Order granting the following relief:

A.  That judgment be entered in favor of Plaintiff, Velocity Investments, LLC and against DEBORAH PALANTI in the amount of $10,312.37.

B.  That Costs of Suit be awarded Plaintiff.

C.  Any further relief that this Honorable Court deems is fair and equitable.


**Attorney No.: 59794**
**Mandarich Law Group, LLP**
P.O. Box 109032
Chicago, IL 60610
877.285.4918
Email: Illinois@mandarichlaw.com

Mohib Husain
Attorney For Plaintiff

This communication is from a debt collector and is an attempt to collect a debt.

FILED DATE: 3/3/2023 11:18 AM  2023CH02120
FILED DATE: 11/16/2022 12:18 PM  2022CH03691

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

# EXHIBIT B

9/27/2018                                      Borrower Promissory Note

# Borrower Promissory Note                                          PROSPER

## Promissory Note

Loan ID: ████395

Borrower Address: Deborah L. Palanti, ██████████████████████████:

**1. Promise to Pay.** In return for a loan I have received, I promise to pay WebBank, a Utah-chartered Industrial Bank ("you") the principal sum of fifteen thousand dollars ($15,000.00), together with interest thereon commencing on the date of funding at the rate of fifteen and five hundredths percent (15.05%) per annum simple interest. I understand that references in this Promissory Note ("Note") to you shall also include any person to whom you transfer this Note.

**2. Payments.** This Note is payable in 60 monthly installments of $357.24 each, consisting of principal and interest, commencing on the 18th day of October 2015, and continuing until the final payment date of September 18 2020, which is the maturity date of this Note. The final payment shall consist of the then remaining principal, unpaid accrued interest and other charges due under this Note. All payments will be applied first to any unpaid fees incurred as a result of failed automated payments or returned bank drafts or checks, as provided in Paragraph 11; then to any charges for making payments other than as provided in this Note; then to any late charges then due; then to any interest then due; and then to principal. No unpaid interest or charges will be added to principal.

**3. Interest.** Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest under this Note will accrue daily, on the basis of a 365-day year. If payments are made on time, my final payment will be in the amount of a regular monthly payment. Because of the daily accrual of interest and the effect of rounding, my final payment may be more or less than my regular payment. I acknowledge that, if I make my payments after the scheduled due date, this Note will not amortize as originally scheduled, which may result in a substantially higher final payment amount. The interest rate I will pay will be the rate I will pay both before and after any default.

**4. Late Charge.** If the full amount of any monthly payment is not made by its due date, I will pay you a late charge of equal to the greater of $15 or an amount equal to 5% of the late payment. I will pay this late charge promptly but only once on each late payment.

**5. Waiver of Defenses.** Except as otherwise provided in this Note, you are not responsible or liable to me for the quality, safety, legality, or any other aspect of any property or services purchased with the proceeds of my loan. If I have a dispute with any person from whom I have purchased such property or services, I agree to settle the dispute directly with that person.

**6. Certification; Exception to Waiver.** I certify that the proceeds of my loan will not be applied in whole or in part to postsecondary educational expenses (i.e., tuition, fees, required equipment or supplies, or room and board) at a college/university/vocational school, as the term "postsecondary educational expenses" is defined in Bureau of Consumer Financial Protection Regulation Z, 12 C.F.R. § 1026.46 (b)(3). I further certify that, to my knowledge, the proceeds of my loan will not be applied in whole or part to purchase property or services from any person to whom any interest in this Note may be assigned. If, notwithstanding the preceding sentence, any person from whom I have purchased such property acquires any interest in this Note, then Paragraph 5 will not apply to the extent of that person's interest, even if that person later assigns that person's interest to another person.

**7. Method of Payment.** I will pay the principal, interest, and any late charges or other fees on this Note when due. Those amounts are called "payments" in this Note. To ensure that my payments are processed in a timely and efficient manner, you have given me the choice of making my monthly payments (i) by automated withdrawal from an account that I designate using an automated clearinghouse (ACH) or other electronic fund transfer, or (ii) by bank drafts drawn by you on my behalf on my account each month; and I have chosen one of these methods. If I close my account or if my account changes or is otherwise inaccessible such that you are unable to withdraw my payments from that account or draw bank drafts on the account, I will notify you at least three (3) days prior to any such closure, change or inaccessibility of my account, and authorize you to withdraw my payments from, or draw bank drafts on, another account that I designate.

With regard to payments made by automatic withdrawals from my account, I have the right to (i) stop payment of a preauthorized automatic withdrawal, or (ii) revoke my prior authorization for automatic withdrawals with regard to all further payments under this Note, by notifying the financial institution where my account is held, orally or in writing at least three (3) business days before the scheduled date of the transfer. I agree to notify you orally or in writing, at least three (3) business days before the scheduled date of the transfer, of the exercise of my right to stop a payment or to revoke my prior authorization for further automatic withdrawals.

**8. Default and Remedies.** If I fail to make any payment when due in the manner required by Paragraph 7, I will be in default and you may at your option accelerate the maturity of this Note and declare all principal, interest and other charges due under this Note immediately due and payable. If you exercise the remedy of acceleration you will give me at least thirty (30) days prior notice of acceleration.

**9. Prepayments.** I may prepay this Note in full or in part at any time without penalty.

FILED DATE: 3/3/2023 11:18 AM   2023CH02120
FILED DATE: 11/16/2022 12:18 PM   2022203691

FILED DATE: 3/3/2023 11:18 AM   2023CH02120
FILED DATE: 11/16/2022 12:18 PM   2022CH036901

**10. Waivers.** You may accept late payments or partial payments, even though marked "paid in full," without losing any rights under this Note, and you may delay enforcing any of your rights under this Note without losing them. You do not have to (a) demand payment of amounts due (known as "presentment"), (b) give notice that amounts due have not been paid (known as "notice of dishonor"), or (c) obtain an official confirmation of nonpayment (known as "protest"). I hereby waive presentment, notice of dishonor and protest. Even if, at a time when I am in default, you do not require me to pay immediately in full as described above, you will still have the right to do so if I am in default at a later time. Neither your failure to exercise any of your rights, nor your delay in enforcing or exercising any of your rights, will waive those rights. Furthermore, if you waive any right under this Note on one occasion, that waiver will not operate as a waiver as to any other occasion.

**11. Insufficient Funds Charge.** If I attempt to make a payment, whether by automated withdrawal from my designated account or by other means, and the payment cannot be made due to (i) insufficient funds in my account, (ii) the closure, change or inaccessibility of my account without my having notified you as provided in Paragraph 7, or (iii) for any other reason (other than an error by you), I will pay you an additional fee of $15.00 for each returned or failed automated withdrawal, bank draft or other item, unless prohibited by applicable law.

**12. Attorneys' Fees.** To the extent permitted by law, I am liable to you for your legal costs if you refer collection of my loan to a lawyer who is not your salaried employee. These costs may include reasonable attorneys' fees as well as costs and expenses of any legal action.

**13. Loan Charges.** If a law that applies to my loan and sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with my loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me.

**14. Assignment.** I may not assign any of my obligations under this Note without your written permission. You do not have to give me your permission. You may assign this Note at any time without my permission. Unless prohibited by applicable law, you may do so without telling me. My obligations under this Note apply to all of my heirs and permitted assigns. Your rights under this Note apply to each of your successors and assigns.

**15. Notices.** All notices and other communications hereunder shall be given in writing and shall be deemed to have been duly given and effective (i) upon receipt, if delivered in person or by facsimile, email or other electronic transmission, or (ii) one day after deposit prepaid for overnight delivery with a national overnight express delivery service. Except as expressly provided otherwise in this Note, notices to me may be addressed to my registered email address or to my address set forth above unless I provide you with a different address for notice by giving notice pursuant to this Paragraph, and notices to you must be addressed to WebBank at support@prosper.com or c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department.

**16. Governing Law.** This Note is governed by federal law and, to the extent that state law applies, the laws of the State of Utah.

**17. Miscellaneous.** No provision of this Note shall be modified or limited except by a written agreement signed by both you and me. The unenforceability of any provision of this Note shall not affect the enforceability or validity of any other provision of this Note.

**18. Arbitration. RESOLUTION OF DISPUTES: I HAVE READ THIS PROVISION CAREFULLY, AND UNDERSTAND THAT IT LIMITS MY RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND ME. I UNDERSTAND THAT I HAVE THE RIGHT TO REJECT THIS PROVISION, AS PROVIDED IN PARAGRAPH (I) BELOW.**

(a) In this Resolution of Disputes provision:

(i) "I," "me" and "my" mean the promisor under this Note, as well as any person claiming through such promisor;

(ii) "You" and "your" mean WebBank, any person servicing this Note for WebBank, any subsequent holders of this Note or any interest in this Note, any person servicing this Note for such subsequent holder of this Note, and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them; and

(iii) "Claim" means any dispute, claim, or controversy (whether based on contract, tort, intentional tort, constitution, statute, ordinance, common law, or equity, whether pre-existing, present, or future, and whether seeking monetary, injunctive, declaratory, or any other relief) arising from or relating to this Note or the relationship between you and me (including claims arising prior to or after the date of the Note, and claims that are currently the subject of purported class action litigation in which I am not a member of a certified class), and includes claims that are brought as counterclaims, cross claims, third party claims or otherwise, as well as disputes about the validity or enforceability of this Note or the validity or enforceability of this Section 18.

(b) Any Claim shall be resolved, upon the election of either you or me, by binding arbitration administered by the American Arbitration Association or JAMS, under the applicable arbitration rules of the administrator in effect at the time a Claim is filed ("Rules"). **Any arbitration under this arbitration agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** If I file a claim, I may choose the administrator; if you file a claim, you may choose the administrator, but you agree to change to the other permitted administrator at my request (assuming that the other administrator is available). I can obtain the Rules and other information about initiating arbitration by contacting the American Arbitration Association at 1633 Broadway, 10th Floor, New York, NY 10019, ▓▓▓▓▓▓▓, www.adr.org; or by contacting JAMS at

9/27/2018                                                        Borrower Promissory Note

1920 Main Street, Suite 300, Irvine, CA 92614, ▇▇▇▇▇▇▇▇▇, www.jamsadr.com. Your address for serving any arbitration demand or claim is WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department.

(c) Claims will be arbitrated by a single, neutral arbitrator, who shall be a retired judge or a lawyer with at least ten years' experience. You agree not to invoke your right to elect arbitration of an individual Claim filed by me in a small claims or similar court (if any), so long as the Claim is pending on an individual basis only in such court.

(d) You will pay all filing and administration fees charged by the administrator and arbitrator fees up to $1,000, and you will consider my request to pay any additional arbitration costs. If an arbitrator issues an award in your favor, I will not be required to reimburse you for any fees you have previously paid to the administrator or for which you are responsible. If I receive an award from the arbitrator, you will reimburse me for any fees paid by me to the administrator or arbitrator. Each party shall bear its own attorney's, expert's and witness fees, which shall not be considered costs of arbitration; however, if a statute gives me the right to recover these fees, or fees paid to the administrator or arbitrator, then these statutory rights will apply in arbitration.

(e) Any in-person arbitration hearing will be held in the city with the federal district court closest to my residence, or in such other location as you and we may mutually agree. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. § 1-16, and, if requested by either party, provide written reasoned findings of fact and conclusions of law. The arbitrator shall have the power to award any relief authorized under applicable law. Any appropriate court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except that: (1) any party may exercise any appeal right under the FAA; and (2) any party may appeal any award relating to a claim for more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's cost, regardless of its outcome. However, you will consider any reasonable written request by me for you to bear the cost.

(f) YOU AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and I agree otherwise in writing, the arbitrator may not consolidate more than one person's claims. The arbitrator shall have no power to arbitrate any Claims on a class action basis or Claims brought in a purported representative capacity on behalf of the general public, other borrowers, or other persons similarly situated. The validity and effect of this paragraph (f) shall be determined exclusively by a court, and not by the administrator or any arbitrator.

(g) If any portion of this Section 18 is deemed invalid or unenforceable for any reason, it shall not invalidate the remaining portions of this section. However, if paragraph (f) of this Section 18 is deemed invalid or unenforceable in whole or in part, then this entire Section 18 shall be deemed invalid and unenforceable. The terms of this Section 18 will prevail if there is any conflict between the Rules and this section.

(h) YOU AND I AGREE THAT, BY ENTERING INTO THIS NOTE, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND I ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).

(i) I understand that I may reject the provisions of this Section 18, in which case neither you nor I will have the right to elect arbitration. Rejection of this Section 18 will not affect the remaining parts of this Note. To reject this Section 18, I must send you written notice of my rejection within 30 days after the date that this Note was made. I must include my name, address, and account number. The notice of rejection must be mailed to WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Suite 300, San Francisco, CA 94105, Attention: Legal Department. This is the only way that I can reject this Section 18.

(j) You and I acknowledge and agree that the arbitration agreement set forth in this Section 18 is made pursuant to a transaction involving interstate commerce, and thus the Federal Arbitration Act shall govern the interpretation and enforcement of this Section 18. This Section 18 shall survive the termination of this Note and the repayment of any or all amounts borrowed thereunder.

**19. Electronic Transactions.** THIS NOTE INCLUDES YOUR EXPRESS CONSENT TO ELECTRONIC TRANSACTIONS AND DISCLOSURES, WHICH CONSENT IS SET FORTH IN THE SECTION ENTITLED "CONSENT TO DO BUSINESS ELECTRONICALLY" AS DISCLOSED IN OUR TERMS OF USE ON OUR WEBSITE, THE TERMS AND CONDITIONS OF WHICH ARE EXPRESSLY INCORPORATED HEREIN IN THEIR ENTIRETY. YOU EXPRESSLY AGREE THAT THIS NOTE MAY COMPRISE A "TRANSFERABLE RECORD" FOR ALL PURPOSES UNDER THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT AND THE UNIFORM ELECTRONIC TRANSACTIONS ACT.

**20. Registration of Note Owners.** You have granted to Prosper Funding LLC and Prosper Marketplace, Inc. powers of attorney to appoint themselves or a third party as your authorized agent (in such capacity, the "Note Registrar") to maintain a book-entry system for recording the beneficial owners of interests in this Note (the "Note Owners"). If a Note Registrar is so appointed, the Note Registrar shall maintain such a book-entry system, any transfer by a Note Owner of its beneficial interest in this Note shall be effective only through the book-entry system maintained by the Note Registrar. Any such appointment will be made and any appointed Note Registrar may assign its duties as Note Registrar in relation to this Note to any person acquiring 100% beneficial interest in this Note without prior notice to you and without your prior consent.

9/27/2018                                  Borrower Promissory Note

By signing this Note, I acknowledge that I (i) have read and understand all terms and conditions of this Note, (ii) agree to the terms set forth herein, and (iii) acknowledge receipt of a completely filled-in copy of this Note.

Date: September 18 2015

By: Prosper Marketplace, Inc.

Attorney-In-Fact for Deborah L. Palanti [Borrower]

(Signed Electronically)

Last Updated: September 25, 2013

Copyright © 2005-2018 Prosper Marketplace, Inc. All rights reserved.

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

FILED DATE: 11/16/2022 12:18 PM   20222003691

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

# EXHIBIT C

FILED DATE: 3/3/2023 11:18 AM 2023CH02120

District 2

# Case Summary

### Case No. 20222003691

**Velocity Investments, Llc -vs- Deborah Palanti**

§ Location
§ **District 2**
§ Judicial Officer
§ **Courtroom, 0202**
§ Filed on
§ **11/16/2022**
§ Case Number History
§ **20222003691**
§ Cook County Attorney Number
§ **59794**
§ Cook County Attorney Number
§ **41106**

---

## Case Information

Case Type: Consumer Debt - Non-Jury
Case Status: **11/16/2022 Pending**

File Date 11/16/2022
**Cause of Action**
Ad Damnum
  **Description/Remedy**
  Action
  Remedy Amount
  $10,312.37 Amount Claimed

---

## Assignment Information

**Current Case Assignment**
Case Number       20222003691
Court             District 2
Date Assigned     01/24/2023
Judicial Officer  Courtroom, 0202

---

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

# Party Information

*Lead Attorneys*

**Plaintiff**   **Velocity Investments, Llc**   **MANDARICH LAW GROUP, LLP**
*Retained*
PO Box 109032                                    888-498-2598(W)
Chicago, IL 60610

**Defendant**   **Palanti, Deborah**



# Events and Orders of the Court

05/19/2023   **Consumer Debt Initial Case Management Hearing**   (10:00 AM)   (Judicial
Officer: Courtroom, 0205)
     Resource: Location CVD20205 Court Room 0205
     Resource: Location D2 District 2 - Skokie

04/06/2023   **Status Hearing**   (9:30 AM)   (Judicial Officer: Warnick, Jeffrey L)
     Resource: Location CVD20202 Court Room 0202
     Resource: Location D2 District 2 - Skokie

02/09/2023   
Electronic Notice Sent
     Party:   Plaintiff Velocity Investments, Llc
     Party 2:   Attorney MANDARICH LAW GROUP, LLP

02/09/2023   Postcard Generated
     Party:   Plaintiff Velocity Investments, Llc
     Party 2:   Attorney MANDARICH LAW GROUP, LLP

02/09/2023   Electronic Notice Sent
     Party:   Plaintiff Velocity Investments, Llc
     Party 2:   Attorney MANDARICH LAW GROUP, LLP

02/08/2023   Case Set On Status Call   (Judicial Officer: Warnick, Jeffrey L)
     *n/o*
     Party:   Plaintiff Velocity Investments, Llc

02/08/2023   Case Assigned to Zoom Hearing - Allowed

02/08/2023    **Motion Hearing**  (9:30 AM)  (Judicial Officer: Warnick, Jeffrey L)
      Resource: Location CVD20202 Court Room 0202
      Resource: Location D2 District 2 - Skokie

02/06/2023    **Motion Hearing**  (1:30 PM)  (Judicial Officer: Courtroom, 0205)
      Resource: Location CVD20205 Court Room 0205
      Resource: Location D2 District 2 - Skokie

01/24/2023
Notice Of Motion Filed
*Notice of Defendant's Motion to Compel Arbitration and Stay Case*
      Party:  Defendant Palanti, Deborah

01/19/2023
Notice Of Motion Filed
*Notice of Defendant's Motion to Compel Arbitration and Stay Case*
      Party:  Defendant Palanti, Deborah

01/19/2023
Motion Filed
*Defendant's Motion to Compel Arbitration and Stay Case*
      Party:  Defendant Palanti, Deborah

01/19/2023
Notice Of Filing Filed
*Notice of Filing - Defendant's Motion to Compel Arbitration and Stay Case*
      Party:  Defendant Palanti, Deborah

01/19/2023

Appearance Filed - Fee Paid -
*Appearance of Defendant Deborah Palanti*
      Party:  Defendant Palanti, Deborah

01/19/2023
Notice Of Filing Filed
*Notice of Filing - Appearance*
      Party:  Defendant Palanti, Deborah

12/12/2022

Summons Served By Special Process Server
      Party:  Plaintiff Velocity Investments, Llc

12/08/2022
Summons Returned - N.S. Reason: Other Reason
*Sheriff ID: 50232276, Sheriff Filename: 2022200369150232276.pdf*
      Date Served:  12/06/2022
      Party:  Defendant Palanti, Deborah

FILED DATE: 3/3/2023 11:18 AM  2023CH02120

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

11/16/2022   New Case Filing

11/16/2022   **Cause of Action** Ad Damnum (Remedy Amount)
Action Type   Action
Remedies Sought   Amount Claimed

11/16/2022   Consumer Debt Complaint Filed

11/16/2022   Affidavit As To Military Service Filed
   Party:   Plaintiff Velocity Investments, Llc
   Party 2:   Attorney MANDARICH LAW GROUP, LLP

11/16/2022   Notice Of Filing Filed
   *Civil Action Cover Sheet*
   Party:   Plaintiff Velocity Investments, Llc
   Party 2:   Attorney MANDARICH LAW GROUP, LLP

11/16/2022   Summons Issued And Returnable
   Party:   Plaintiff Velocity Investments, Llc
   Party 2:   Attorney MANDARICH LAW GROUP, LLP

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

# EXHIBIT D

Deborah Palanti

████████████

**CONGRATULATIONS!**

Your response to the Complaint begins on the next page. If using our free service, you need to print two copies of the response. One copy must be mailed to the court, and the other must be mailed to the lawyer suing you.

1. **The Court**

   **Second Municipal District**

   **5600 Old Orchard Road**

   **Skokie IL 60077**

2. **The lawyer suing you:**
   Mandarich Law Group, LLP
   P.O. Box 109032
   Chicago Illinois 60610

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

Deborah Palanti

██████████████████

*Defendant is self-represented*

---

**IN THE CIRCUIT COURT OF THE 2ND MUNICIPAL DISTRICT**

**COOK COUNTY, ILLINOIS**

---

| | |
|---|---|
| Velocity Investments, LLC, | **ANSWER** |
| Plaintiff, | |
| vs. | Civil No.: 20222003691 |
| Deborah Palanti, | Judge: |
| Defendant(s). | |

Defendant answers Plaintiff's Complaint as follows.

**RESPONSE TO ALLEGATIONS**

1. Defendant denies the allegation in paragraph 1.

2. Defendant denies the allegation in paragraph 2.

3. Defendant denies the allegation in paragraph 3.

4. Defendant denies the allegation in paragraph 4.

5. Defendant denies the allegation in paragraph 5.

6. Defendant denies the allegation in paragraph 6.

7. Defendant denies the allegation in paragraph 7.

8. Defendant denies the allegation in paragraph 8.

9. Defendant denies the allegation in paragraph 9.

10. Defendant denies the allegation in paragraph 10.

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

Defendant denies each and every allegation in the Complaint that is not expressly admitted herein.

With respect to all paragraphs in which Plaintiff prays for damages or other relief, Defendant denies that Plaintiff is entitled to such relief under law.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred in whole or in part by the doctrines of laches, equitable estoppel, and unclean hands.

2. Plaintiff's claims are barred in whole or in part because of a failure to mitigate damages.

3. Plaintiff's claims are barred in whole or in part by the statute of limitations.

4. Plaintiff's claims are barred in whole or in part because Defendant paid all or part of the debt.

5. Plaintiff's claims are barred in whole or in part because Plaintiff does not correctly state the amount owed.

6. Plaintiff's claims are barred in whole or in part because Plaintiff harassed Defendant for the debt in violation of the law.

7. Defendant requests that Plaintiff perform an accounting and provide Defendant with documentation that proves the amount that Defendant allegedly owes.

8. Plaintiff's claims are barred in whole or in part because the contract language is vague and ambiguous.

WHEREFORE, Defendant requests the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and Plaintiff take nothing therefrom;

2       A self-service document from **SoloSuit**

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

# EXHIBIT E

This Form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

MLG-4542196

System Generated Hearing Date/Time: 02/23/2023 09:00 AM
Location: Court Room 0205
Judge Courtroom, 0205

**STATE OF ILLINOIS,**
**CIRCUIT COURT**

COOK M2 **COUNTY**

**SUMMONS**

For Court Use Only

FILED
11/16/2022 12:18 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

| **Instructions** ▾ | |
|---|---|
| Enter above the county name where the case was filed. | Velocity Investments, LLC |
| | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/Respondents. | v.  DEBORAH PALANTI |
| | **Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

20222003691

**Case Number**

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms.  You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

1. **Defendant/Respondent's address and service information:**

| In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a.  Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last)*   DEBORAH PALANTI<br>Registered Agent's name, if any: _____<br>Street Address, Unit #: ████████<br>City, State, ZIP: ████████<br>Telephone: _____ Email: _____ |
|---|---|
| In **1b**, enter a second address for Defendant/Respondent, if you have one. | b.  If you have more than one address where Defendant/Respondent might be found, list that here):<br>Name *(First, Middle, Last)*: _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/Respondent. | c.  Method of service on Defendant/Respondent:<br>☒ Sheriff    ☐ Sheriff outside Illinois: _____<br>*County & State*<br>☐ Special process server    ☐ Licensed private detective |

<table>
<tr><td>

In **2**, enter the amount of money owed to you.

In **3**, enter your complete address, telephone number, and email address, if you have one.

</td><td>

**2.** **Information about the lawsuit:**

    Amount claimed: ___$ 10,312.37__ plus_ costs

**3.** **Contact information for the Plaintiff/Petitioner:**

    Name *(First, Middle, Last)*: ___Mandarich Law Group, LLP___

    Street Address, Unit #: ___P.O. Box 109032___

    City, State, ZIP: ___Chicago, IL 60610___

    Telephone: ___877.285.4918___     Email: ___illinois@mandarichlaw.com___

</td></tr>
</table>

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

<table>
<tr><td>

**Important information for the person getting this form**

</td><td>

You have been sued. Read all of the documents attached to this *Summons*.
To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/.

</td></tr>
</table>

<table>
<tr><td>

Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**.

In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*.

In **4b**, fill out:
- The court date and time the clerk gave you.
- The courtroom and address of the court building.
- The call-in or video information for remote appearances (if applicable).
- The clerk's phone number and website. All of this information is available from the Circuit Clerk.

</td><td>

**4.** **Instructions for person receiving this *Summons* (Defendant):**

☒ a. To respond to this *Summons*, you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:

    Address: ___5600 OLD ORCHARD ROAD___

    City, State, ZIP: ___SKOKIE IL 60077___

☐ b. Attend court:

    On: _____ at _____ ☐ a.m. ☐ p.m. in _____
        *Date*         *Time*                    *Courtroom*

    **In-person at:**
    5600 OLD ORCHARD ROAD , SKOKIE IL 60077
    *Courthouse Address*       *City*                *State*       *ZIP*
    OR

    **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):

        By telephone: _____
                           *Call-in number for telephone remote appearance*

        By video conference: _____
                            *Video conference website*

        _____
        *Video conference log-in information (meeting ID, password, etc.)*

    Call the Circuit Clerk at: _____ or visit their website

    at: _____ to find out more about how to do this.
       *Website*

</td></tr>
</table>

<table>
<tr><td>

**STOP!** The Circuit Clerk will fill in this section.

**STOP!** The officer or process server will fill in the Date of Service.

</td><td>

           11/16/2022 12:18 PM IRIS Y. MARTINEZ

**Witness this Date:** _____

**Clerk of the Court:** _____

**This *Summons* must be served within 30 days of the witness date.**

Date of Service: _____
         *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)*

*Seal of Court*

</td></tr>
</table>

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

COOK M2 **COUNTY**

| Instructions | Velocity Investments, LLC |
|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. DEBORAH PALANTI |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* |

**20222003691**

**Case Number**

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

**My name is** _____ **and I state**
*First, Middle, Last*

☐ **I served the** *Summons* **and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

20222003691

FILED DATE: 12/6/2022 12:25 PM

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |
|---|---|

**By:** _____

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. | *Signature by:* ☐ Sheriff<br>☐ Sheriff outside Illinois:<br>_____<br>*County and State*<br>☐ Special process server<br>☐ Licensed private detective | **FEES**<br>Service and Return: $ _____<br>Miles _____ $ _____<br>Total $ 0.00 |
|---|---|---|

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

### GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

#### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

#### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

#### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

#### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

#### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

#### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

#### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

#### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

# EXHIBIT F

FILED DATE: 3/3/2023 11:18 AM   2023CH02120







## George Simons

Co-Founder of SoloSuit (YC W21) #Hiring 🔥🚀💥

Provo, Utah, United States

5K followers · 500+ connections

Join to view profile

SoloSuit

Y Combinator

## About

I seek to do good for the largest amount of people I can. I do so one person at a time.

## Activity



FILED DATE: 3/3/2023 11:18 AM 2023CH02120



Liked by George Simons



This weekend is going to be a blast in Salt Lake City! Film 🎥 ✅ Immigration tech 🌐 ✅ Access to justice ⚖️ ✅ How am I going to find time to ski on...

Liked by George Simons



One of the hard skills I cherish the most as a founder is UX/UI. I literally use it everyday, and it's been extremely valuable for our product...

Liked by George Simons

Join now to see all activity

## Experience

**Co-Founder, CEO**
SoloSuit
Jan 2019 - Present · 4 years 2 months
Provo, Utah Area




May 2019 - Aug 2019 · 4 months



### Co-Founder
Lawble

May 2018 - Jan 2019 · 9 months

Provo, Utah Area



### Fellow, International Center for Law and Religion Studies
J. Reuben Clark Law School

May 2017 - Sep 2017 · 5 months

Provo, UT



### Legal Intern, Office of General Counsel
The Church of Jesus Christ of Latter-day Saints

May 2017 - Jun 2017 · 2 months

São Paulo Area, Brazil



### Finance Director
Republican Party of Hawaii

Oct 2015 - Apr 2016 · 7 months

Honolulu, HI



### Field Director
Republican National Committee

May 2014 - Dec 2014 · 8 months

Anchorage, Alaska Area



### Intern
United States Senate

Jan 2014 - May 2014 · 5 months

Washington D.C. Metro Area



### Trailwalker
Anasazi Foundation

Apr 2013 - Jan 2014 · 10 months

Mesa, AZ



### Program Director
Boy Scouts of America

Jul 2013 - Jul 2013 · 1 month

Teton Canyon, WY

FILED DATE: 3/3/2023 11:18 AM   2023CH02120





FILED DATE: 3/3/2023 11:18 AM   2023CH02120

Sep 2012 - Dec 2012 · 4 months

Rexburg, ID

## Education



**Y Combinator**

SoloSuit YC W21

2021 - 2021



**Brigham Young University Marriott School of Business**

Master of Business Administration - MBA Candidate

2018 - 2020



**Brigham Young University—J. Reuben Clark Law School**

Doctor of Law (J.D.) · Law

2016 - 2019

Activities and Societies: The Center for Law and Religion Studies Phi Delta Phi



**Brigham Young University - Idaho**

Completing a Bachelors of Arts · Political Science · Senior

2010 - 2013

Activities and Societies: Outdoor Activities, Pi Sigma Alpha, Student Safety Council, JPPS

I am also studying with a double emphasis in communications and emergency response.

## Volunteer Experience



**Founder**

SLC Legal Hackers

Jan 2018 - Present · 5 years 2 months

I founded the local chapter of Legal Hackers, a global network that brings together lawyers and technologists to discuss issues like legal tech and Blockchain.



**Volunteer Missionary**

The Church of Jesus Christ of Latter-day Saints

2008 - 2010 · 2 years

Mission Brazil Salvador South

## Courses



FILED DATE: 3/3/2023 11:18 AM    2023CH02120



### Political Science Capstone
POLSC497

## Projects

### Mom and Pop PR
Sep 2012 - Dec 2012

We collaborated and created an educational vodcast directed toward owners of small businesses. The vodcast takes viewers through a four episode series, increasing their practical knowledge of new media pr tactics through beneficial how-to's and case study analysis.

In other words, we told old people whats up with new media.

I coordinated the case studies and played an implemental role in filming and editing.

Other creators

See project

### Info Videos for Outdoor Activities
Jan 2011 - Jul 2011

A series of videos designed to illustrate the breadth of activities Outdoor offers and to encourage students to sign-up and participate.

See project

## Languages

### Portuguese
-

## Recommendations received

### Bert Grabinger

"George is an amazing guy. I worked with him for several years as he became a thought leader in legal technology and innovation. But George isn't just an idea man, he makes things happen.

2/15/23, 7:28 AM
FILED DATE: 3/3/2023 11:18 AM   2023CH02120





empathetic, deeply intelligent, well-spoken, and fun to work with. Any organization will benefit from his talents as a relationship builder and experience designer."

**Austin Taylor**
"George is a focused and well-spoken individual. He volunteered for my organization for a fundraiser campaign and brought in hundreds of dollars. He's intelligent, approachable, and easy to work with. "

3 people have recommended George

**Join now to view**

## More activity by George

**Which side are you on?** 🔍 😎 I was blown away at how impressive OpenAI's new ChatGPT is. This is the most accessible, powerful AI I've seen. Give it...
Liked by George Simons

**I was sworn in (virtually) as an attorney today!**
Liked by George Simons

## View George's full profile

See who you know in common

Get introduced

Contact George directly



FILED DATE: 3/3/2023 11:18 AM   2023CH02120



it

olitan Area

ing Director at The LegalTech Fund
e Area

ocklear

Manager at SoloSuit

ith respond to a debt lawsuit. We ask couple question about your case. Based on your
gitimate reaction for you.

nkey

aken

hair at Lucid
olitan Area

Mining Group LLC

ting Group Board Member at Atlanta Braves

hief Growth Officer at Splash Factory LLC | Chief Digital Officer at Monarch Blockchain

xecutive Officer at Paydit

eer advice?

ce Hub to see tips on accelerating your career.

ce Hub

FILED DATE: 3/3/2023 11:18 AM    2023CH02120




iversophy®. Consulting, training in IC communication & negotiation

tan Area

Manager at Aera Technology

ment | Rethinking the CX | Contact Center Solutions | MBA | Pod Cast Fan

ore children connect with nature

mons are on LinkedIn

ge Simons

these courses

ons Foundations

a Press Release

keting: Blogging for Business

ofile badge

on other websites

Suit (YC W21) #Hiring 🐣🚀💥

loSuit

Linked**in**

About




Copyright Policy

Guest Controls

Language

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

# EXHIBIT G

[redacted]

Try Premium free

FILED DATE: 3/3/2023 11:18 AM 2023CH02120

George Simons

Co-Founder of SoloSuit (YC W21) #Hiring 🔥🚀💥

+ Follow

View full profile

George Simons • 2nd

Co-Founder of SoloSuit (YC W21) #Hiring 🔥🚀💥

1w •

+ Follow •••

We're hiring more software engineers! $5k bounty for anyone who connects us with someone we hire.

SoloSuit has now helped over 100k people protect $600mm from predatory debt lawsuits (the numbers go up every month!)

https://lnkd.in/gD9XqEC

82

9 comments • 3 reposts

Reactions

+74

Like Comment Repost Send

[redacted] Add a comment...

Most relevant

Carly MacLennan • 3rd+ 18h •••

Marketing Manager at Motivosity

Elijah McKay Sam McKay

Like · 1 | Reply · 1 Reply

Sam McKay • 3rd+ 18h •••

SMB Sales Manager at Motivosity | Utah Jazz Lifer

George Simons y'all should talk to Elijah McKay!

Like | Reply

J. Luke Nelson (He/Him) • 3rd+ 1w •••



FILED DATE: 3/3/2023 11:18 AM    2023CH02120



**Clayton Noyes** I did some work for solo suit. They're a ruby on rails shop (at least they were). I think you'd really like **George Simons** and have a lot to offer.

Like | Reply

**Nikhil Belavatha Jayaram** (He/Him) • 3rd+        2d •••
Summer 2023 internships | Product Management | Programme Management | Project Management | Data Analyst |

**Darshan Shivaram**

Like | Reply

**Eric Engebretsen** • 3rd+        1w •••
Co-Founder at Bloom | Creating 10k jobs abroad

Let's chat if you're open to hiring nearshore devs in LATAM!

Like | Reply

**Jacob Pettit** • 3rd+        1w •••
Data Scientist

I don't know if **Zach Taylor** is looking for a position, however he is one of the best I have had the pleasure of working with.

Like | Reply

**Emily Jones** • 3rd+        1w •••
Digital Marketing Manager

I'm sure you'll find some great applicants!

Like | Reply

**Anatolii Kazakov** • 3rd+        1w •••
👉 Hire **awwcor.com** to find talent cost-effectively in USA, Canada & 150 other countries for your W-2, 1099 or Contract-to-Hire positions

The fact that SoloSuit's numbers are constantly increasing is a clear indication of the growing need for services like this. It's unfortunate that so many people are facing predatory debt lawsuits, but it's encouraging to know that there are resources out there to help them fight back.

Like • 👍 1 | Reply

**Tanner Andersen** • 3rd+        1w •••
Student at Brigham Young University

**Paul Alex Ahlstrom** you would be awesome at this!

Like • 👍 1 | Reply

Ad •••

Leader Dogs for the Blind offers free programs to people who are blind

Follow

About    Accessibility    Help Center    Privacy & Terms ▾    Ad Choices    Advertising
Business Services ▾    Get the LinkedIn app    More

**Linked**in LinkedIn Corporation © 2023

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

# EXHIBIT H

3/2/23, 10:20 AM        Is SoloSuit Worth It? | SoloSuit Blog

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

SoloSuit
SoloSuit

- About
- Blog
- Products
  - Debt Answer
  - SoloSettle
  - Motion to Compel Arbitration
  - Debt Lawsuit Settlement Letter
  - Debt Validation Letter
- My Account

Start My Answer

# Is SoloSuit Worth It?

Sarah Edwards | October 31, 2022



SoloSuit is worth it.

> **Summary:** If debt collectors keep contacting you, SoloSuit can help you respond and get them off your back. If you've already been sued for a debt, SoloSuit can help you respond to the lawsuit and increase your chances of winning by 7x.

A debt collection lawsuit is a ticking time bomb. You typically have as little as 14 days to respond in court and with your creditor; otherwise, you'll lose the lawsuit to a default judgment. You need an ally. SoloSuit can help. You can use SoloSuit to complete your Answer and rely on expert guidance regarding how to file it.

But is SoloSuit worth it? For many consumers, SoloSuit offers a great way to respond to a lawsuit and start the journey toward debt recovery. Here's how.

## What is SoloSuit?

SoloSuit is a web app that helps you prepare your legal Answer in a debt collection lawsuit. The app will ask a series of questions to assemble your Answer, which you can use to do one of the following:

- Send to the court and debt collector.
- Pay SoloSuit to file your answer on your behalf.
- Pay SoloSuit to have an attorney review your answer.

This makes SoloSuit a fast way to respond to a lawsuit, which is vital when the clock starts ticking.

## Your Answer matters—here's why

Why is it so important to file an Answer to a debt lawsuit right away? Surprisingly, most consumers don't participate in their own defense, which means that the court renders a default judgment. The best available data reveals that well over 70% of debt collection lawsuits result in default judgments in favor of the debt collector. Consider a few examples:

- **New York City:** Between 2006 and 2008, 80% of debt cases resulted in a default judgment.
- **In Five Colorado Counties:** Between 2013 and 2015, 71% of lawsuits resulted in default.

3/2/23, 10:20 AM                                    Is SoloSuit worth it? SoloSuit Blog

Case: 1:23-cv-02365 Document #: 1-1 Filed: 04/14/23 Page 111 of 136 PageID #:120

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

- **Washington State:** Between 2012 and 2017, 80% of cases resulted in a default judgment.

A default judgment is bad news because it means that you're on the hook for the full amount of debt. When a default judgment is granted, debt collectors can garnish your wages and put liens on your property to get the money back.

While you may still be able to settle, your negotiating position has been compromised by this legal ruling, and you may also be compelled to operate by the debt collector's timetable.

## You have options during a lawsuit

If you're being sued for debt, you might feel like you've run into a wall, but you should know that you have options for fighting back (or not) against debt collectors. Here are your main options during a debt lawsuit:

1. Ignore it.
2. Hire a debt attorney.
3. File an Answer on your own.

Let's take a moment to break down each of these options in more detail.

### 1. Ignore It

As surprising as it sounds, this is the option taken by the majority of American consumers. But this only results in a default judgment, which means that you'll remain responsible for the entirety of your debt.

While it may feel tempting to ignore the suit, hoping that it will go away, this is definitely the worst option available to you. Filing any type of Answer will give you a better chance of beating debt collectors.

### 2. Hire a debt attorney

Hiring an [attorney](#) can be a reliable option if any of the following applies to your case:

- You legitimately owe the debt
- You have a valid defense
- You wish to file a counterclaim

But keep in mind that attorney fees can be high. Depending on how much money you owe, hiring an attorney can be prohibitive.

### 3. File an Answer on your own

You can save yourself the money and stress of finding an attorney to represent you when you use SoloSuit to represent yourself.

SoloSuit offers the best of both worlds. Rather than ignore the lawsuit, SoloSuit helps you prepare a legal answer without the added costs of hiring an attorney. And because you can have your Answer reviewed by an attorney, you can have confidence that you're getting the best possible assistance.

Plus, did we mention that SoloSuit's services cost thousands less than hiring a lawyer? SoloSuit's goal is to help provide access to justice for *all*. So, we proudly keep our prices affordable.

Check out this video to learn more about how to draft an Answer to a debt lawsuit:



## Save money by settling

Many debt collectors would prefer to settle the debt for a lower price if it means avoiding a drawn-out legal process. In fact, settlement companies settled [$4.5 billion in consumer debt](#) in 2018 alone, settling for just 55% of the original amount per person.

But unless you have some legal training, it's hard to put together an Answer as well as a settlement offer that debt collectors will accept. Again, SoloSuit can assist with this process and provide guidance on how to settle your debt and save money doing so.

Start the debt settlement process by sending a [Debt Lawsuit Settlement Letter](#) to the collector after you've made your initial response to the lawsuit.

## Keep your financial information private

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

SoloSuit can settle your debt while withholding your private financial data from debt collectors. Instead of sending a check that contains your personal banking information, SoloSuit will pay your settlement on your behalf. You can rest easy knowing that the debt collector hounding you won't have a scrap of your personal data.

## Bottom line: Is SoloSuit worth it?

If you've been sued over your debt, you can't afford NOT to respond. SoloSuit is here for you. Our app-based platform takes mere minutes and ensures that you prepare and submit an appropriate Answer by the deadline. We can also provide assistance with requesting a debt validation, filing a Motion to Compel Arbitration, and offering a settlement.

Our research shows that people who use SoloSuit to respond to a debt collection lawsuit are 7x more likely to win their case. So, the simple answer is this: Yes, SoloSuit is worth it!

Click here to learn more about SoloSuit's products and services.

## Respond with SoloSuit

"First time getting sued by a debt collector and I was searching all over YouTube and ran across SoloSuit, so I decided to buy their services with their attorney reviewed documentation which cost extra but it was well worth it! SoloSuit sent the documentation to the parties and to the court which saved me time from having to go to court and in a few weeks the case got dismissed!" – *James*

Get Started

## We have answers.

*Join our community of over 40,000 people.*

You can ask your questions on the SoloSuit forum and the community will help you out. Whether you need help now or are just looking for support, we're here for you.

Ask a Question

>>Read the FastCompany article: Debt Lawsuits Are Complicated: This Website Makes Them Simpler To Navigate

FILED DATE: 3/3/2023 11:18 AM   2023CH02120



**01-24-18** | **WORLD CHANGING IDEAS**

# Debt Lawsuits Are Compli
# This Website Makes Them
# To Navigate

Faced with having to go to court over an unpaid debt, many peop
can't–and automatically lose. Students at BYU Law designed a pla
process more manageable.

>>Read the NPR story on SoloSuit. (We can help you in all 50 states.)

FILED DATE: 3/3/2023 11:18 AM   2023CH02120










TAKE A NUMBER

# A Student Solution
# A Fighting Chance

February 24, 2018 · 8:05 AM ET

Heard on Weekend Edition Saturday



**How to answer a summons for debt collection in your state**

Here's a list of guides for other states.

All 50 states.

- Alabama
- Alaska
- Arizona
- Arkansas
- California
- Colorado
- Connecticut
- Delaware
- Florida
- Georgia
- Hawaii
- Idaho
- Illinois
- Indiana
- Iowa
- Kansas
- Kentucky
- Louisiana
- Maine
- Maryland
- Massachusetts
- Michigan
- Minnesota
- Mississippi
- Missouri
- Montana

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

- Nebraska
- Nevada
- New Hampshire
- New Jersey
- New Mexico
- New York
- North Carolina
- North Dakota
- Ohio
- Oklahoma
- Oregon
- Pennsylvania
- Rhode Island
- South Carolina
- South Dakota
- Tennessee
- Texas
- Utah
- Vermont
- Virginia
- Washington
- West Virginia
- Wisconsin
- Wyoming

## Guides on how to beat every debt collector

Being sued by a different debt collector? Were making guides on how to beat each one.

- Absolute Resolutions Investments LLC
- Accredited Collection Services
- Alliance One
- Amcol Clmbia
- American Recovery Service
- Asset Acceptance LLC
- Asset Recovery Solutions
- Associated Credit Services
- Autovest LLC
- Cach LLC
- Cavalry SPV I LLC
- Cerastes LLC
- Colinfobur
- Covington Credit
- Crown Asset Management
- CTC Debt Collector
- Cypress Financial Recoveries
- Delanor Kemper & Associates
- Eagle Loan of Ohio
- Educap
- Estate Information Services
- FIA Card Services
- Forster & Garbus
- Freshview Solutions
- Fulton Friedman & Gullace LLP
- Harvest Credit Management
- Howard Lee Schiff
- Hudson & Keyse LLC
- Integras Capital Recovery LLC
- Javitch Block
- Jefferson Capital Systems LLC
- LVNV Funding
- Mannbracken
- Mariner Finance
- Medicredit
- Michael J Adams PC
- Michael J Scott
- Midland Funding LLC
- Mullooly, Jeffrey, Rooney & Flynn
- Mountain Land Collections
- MRS Associates
- National Collegiate Trust
- Nationstar Foreclosure
- Northstar Capital Acquisition
- NCEP LLC
- NRC Collection Agency
- OneMain Financial
- Palisades Collection LLC
- Pallida LLC

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

- Paragon Revenue Group
- Pinnacle Collections Agency
- PMAB LLC
- Portfolio Recovery Associates
- Provest Law
- PYOD LLC
- Reunion Student Loan Finance Corporation
- Revenue Group
- Regents and Associates
- RSIEH
- Salander Enterprises LLC
- Second Round Sub LLC
- Security Credit Services
- Sherman Financial Group
- Suttell and Hammer
- T-Mobile
- Transworld Systems
- Tulsa Teachers Credit Union
- UCB Collection
- Velo Law Office
- Velocity Investments
- Waypoint Resource Group
- Weinberg and Associates
- Wolpoff & Abramson

# Win against credit card companies

Is your credit card company suing you? Learn how you can beat each one.

- Bank of America
- Capital One
- Chase
- Credit One Bank
- PayPal Synchrony Card
- SYNCB/PPEXTR
- Synchrony Bank
- Target National Bank
- Wells Fargo

Going to Court for Credit Card Debt — Key Tips

How to Negotiate Credit Card Debts

How to Settle a Credit Card Debt Lawsuit — Ultimate Guide

# Get answers to these FAQs

Need more info on statutes of limitations? Read our 50-state guide.

Why do debt collectors block their phone numbers?

How long do debt collectors take to respond to debt validation letters?

What are the biggest debt collector companies in the US?

Is Zombie Debt Still a Problem in 2019?

SoloSuit FAQ

If a car is repossessed, do I still owe the debt?

Is Portfolio Recovery Associates Legit?

Is There a Judgment Against Me Without my Knowledge?

Should I File Bankruptcy Before or After a Judgment?

What is a default judgment?— What do I do?

Summoned to Court for Medical Bills — What Do I Do?

What Happens If Someone Sues You and You Have No Money?

What Happens If You Never Answer Debt Collectors?

What Happens When a Debt Is Sold to a Collection Agency

What is a Stipulated Judgment?

What is the Deadline for a Defendants Answer to Avoid a Default Judgment?

2023CH02120

FILED DATE: 3/3/2023 11:18 AM

Can a Judgement Creditor Take my Car?

Can I Settle a Debt After Being Served?

Can I Stop Wage Garnishment?

Can You Appeal a Default Judgement?

Do I Need a Debt Collection Defense Attorney?

Do I Need a Payday Loans Lawyer?

Do student loans go away after 7 years? — Student Loan Debt Guide

Am I Responsible for My Spouses Medical Debt?

Should I Marry Someone With Debt?

Can a Debt Collector Leave a Voicemail?

How Does Debt Assignment Work?

What Happens If a Defendant Does Not Pay a Judgment?

How Does Debt Assignment Work?

Can You Serve Someone with a Collections Lawsuit at Their Work?

What Is a Warrant in Debt?

How Many Times Can a Judgment be Renewed in Oklahoma?

Can an Eviction Be Reversed?

Does Debt Consolidation Have Risks?

What Happens If You Avoid Getting Served Court Papers?

Does Student Debt Die With You?

Can Debt Collectors Call You at Work in Texas?

How Much Do You Have to Be in Debt to File for Chapter 7?

What Is the Statute of Limitations on Debt in Washington?

How Long Does a Judgment Last?

Can Private Disability Payments Be Garnished?

Can Debt Collectors Call From Local Numbers?

Does the Fair Credit Reporting Act Work in Florida?

The Truth: Should You Never Pay a Debt Collection Agency?

Should You Communicate with a Debt Collector in Writing or by Telephone?

Do I Need a Debt Negotiator?

What Happens After a Motion for Default Is Filed?

Can a Process Server Leave a Summons Taped to My Door?

## Learn More With These Additional Resources:

Need help managing your finances? Check out these resources.

How to Make a Debt Validation Letter - The Ultimate Guide

How to Make a Motion to Compel Arbitration Without an Attorney

How to Stop Wage Garnishment — Everything You Need to Know

How to File an FDCPA Complaint Against Your Debt Collector (Ultimate Guide)

Defending Yourself in Court Against a Debt Collector

Tips on you can to file an FDCPA lawsuit against a debt collection agency

Advice on how to answer a summons for debt collection.

Effective strategies for how to get back on track after a debt lawsuit

New Hampshire Statute of Limitations on Debt

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

Sample Cease and Desist Letter Against Debt Collectors

The Ultimate Guide to Responding to a Debt Collection Lawsuit in Utah

West Virginia Statute of Limitations on Debt

What debt collectors cannot do — FDCPA explained

Defending Yourself in Court Against Debt Collector

How to Liquidate Debt

Arkansas Statute of Limitations on Debt

Youre Drowning in Debt — Heres How to Swim

Help! Im Being Sued by My Debt Collector

How to Make a Motion to Vacate Judgment

How to Answer Summons for Debt Collection in Vermont

North Dakota Statute of Limitations on Debt

ClearPoint Debt Management Review

Indiana Statute of Limitations on Debt

Oregon Eviction Laws - What They Say

CuraDebt Debt Settlement Review

How to Write a Re-Aging Debt Letter

How to Appear in Court by Phone

How to Use the Doctrine of Unclean Hands

Debt Consolidation in Eugene, Oregon

Summoned to Court for Medical Bills? What to Do Next

How to Make a Debt Settlement Agreement

Received a 3-Day Eviction Notice? Heres What to Do

How to Answer a Lawsuit for Debt Collection

Tips for Leaving the Country With Unpaid Credit Card Debt

Kansas Statute of Limitations on Debt Collection

How to File in Small Claims Court in Iowa

How to File a Civil Answer in Kings County Supreme Court

Roseland Associates Debt Consolidation Review

How to Stop a Garnishment

Debt Eraser Review

Do Debt Collectors Ever Give Up?

Can They Garnish Your Wages for Credit Card Debt?

How Often Do Credit Card Companies Sue for Non-Payment?

How Long Does a Judgement Last?

How Long Before a Creditor Can Garnish Wages?

How to Beat a Bill Collector in Court

**It only takes 15 minutes.**

*And 50% of our customers' cases have been dismissed in the past.*

"Finding yourself on the wrong side of the law unexpectedly is kinda scary. I started researching on YouTube and found SoloSuit's channel. The videos were so helpful, easy to understand and encouraging. When I reached out to SoloSuit they were on it. Very professional, impeccably prompt. Thanks for the service!" – *Heather*

Get Started

**Not sued yet?**

*Use our Debt Validation Letter.*

Our Debt Validation Letter is the best way to respond to a collection letter. Many debt collectors will simply give up after receiving it.

Let's Do It

3/2/23, 10:20 AM
Is SoloSuit Worth It, Though. Blog.

Case: 1:23-cv-02365 Document #: 1-1 Filed: 04/14/23 Page 120 of 136 PageID #:129

FILED DATE: 3/3/2023 11:18 AM    2023CH02120



## SoloSuit

Help
Careers
Privacy Policy
Terms of Service
Legal Disclaimer
Courts

SoloSuit is not an attorney or a law firm. Nor is it a substitute for an attorney or law firm. We do not provide legal advice nor do we practice law. This site only contains legal information, not legal advice. SoloSuit is a self-help tool. This site does not create an attorney-client relationship. We provide no guarantee regarding case outcomes nor are we liable for any case outcomes. Use of its products are governed by its Terms of Service, Privacy Policy, and Legal Disclaimer.

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

# EXHIBIT I

FILED DATE: 3/3/2023 11:18 AM 2023CH02120

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| DEBORAH PALANTI, | ) |
| on behalf of Plaintiff and | ) |
| a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAWBLE, INC., doing | ) |
| business as SoloSuit and | ) |
| www.SoloSuit.com; | ) |
| GEORGE A. SIMONS; and | ) |
| SCOTT ERICKSON, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF DANIEL A. EDELMAN**

Daniel A. Edelman declares under penalty of perjury, as provided for by 735 ILCS 5/1-109, that the following statements are true:

1.      Edelman, Combs, Latturner & Goodwin, LLC, has 5 principals, Daniel A. Edelman, Tara L. Goodwin, Julie Clark, Heather Kolbus, and Cassandra P. Miller, and four associates. Member James O. Latturner retired in 2020 and Cathleen M. Combs at the end of 2021.

2.      **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, through both class and individual actions. He is the author of the chapters on the "Fair Debt Collection Practices Act," "Truth in Lending Act," and "Telephone Consumer Protection Act" in *Illinois Causes of Action* (Ill. Inst. For Cont. Legal Educ. 2020 and earlier editions), author of *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2008, 2011, 2014, 2019, 2022), author of *Predatory Mortgage Lending* and Servicing (Ill. Inst. for Cont. Legal. Educ. 2022), co-author of Rosmarin & Edelman, *Consumer Class Action Manual* (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999);, *Illinois Consumer Law*, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); *Payday Loans: Big Interest Rates and Little Regulation*, 11 Loy.Consumer L.Rptr. 174 (1999); author of *Consumer Fraud and Insurance Claims*, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," *Ohio Consumer Law* (1995 ed.); co-author of *Fair Debt Collection: The Need for Private Enforcement*, 7 Loy.Consumer L.Rptr. 89 (1995); author of *An Overview of The Fair Debt Collection Practices Act*, in Financial Services Litigation, Practicing Law Institute (1999); co-author of *Residential Mortgage Litigation*, in Financial Services Litigation, Practicing Law Institute (1996); author of *Automobile Leasing: Problems and Solutions*, 7 Loy.Consumer L.Rptr. 14 (1994); author of *Current Trends in*

1

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

*Residential Mortgage Litigation*, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); co-author of *Illinois Consumer Law* (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, *Attorney Liability Under the Fair Debt Collection Practices Act* (Chicago Bar Ass'n 1996); and author of *The Fair Debt Collection Practices Act: Recent Developments*, 8 Loy.Consumer L. Rptr. 303 (1996), among others.   Mr. Edelman is also a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and the Illinois legislature.  He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois.  He is a member of the Northern District of Illinois trial bar.

3.      **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991).  Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has previously been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin spoke at the 2016 Conference on Consumer Finance Law on mortgage servicing issues. Ms. Goodwin has also been a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems, developments in class action law and arbitration agreements in consumer contracts.  **Reported Cases.** *Aleksic v. Experian Information Solutions, Inc.*, 13cv7802, 2014 WL 2769122, 2014 U.S. Dist. LEXIS 83086 (N.D.Ill. June 18, 2014); *Taylor v. Screening Reports, Inc.*, 13cv2886, 2015 WL 4052824,  2015 U.S. Dist. LEXIS 86262 (N.D.Ill. July 2, 2015); *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748 (7th Cir. 2000); *Hillenbrand v. Meyer Medical Group*, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000); *Large v. Conseco Fin. Servicing Co.*, 292 F.3d 49 (1st Cir. 2002); *Flippin v. Aurora Bank, FSB*, 12cv1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Henry v. Teletrack, Inc.,* 11cv4424,  2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill.  March 7, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11cv 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917  (N.D.Ill. Feb. 9, 2012); *Bunton v. Cape Cod Village, LLC*, 09cv1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); *Wilson v. Harris N.A.*, 06cvJuly 9, 20205840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007); *Carbajal v. Capital One*, 219 F.R.D. 437 (N.D.Ill. 2004); *Russo v. B&B Catering*, 209 F.Supp.2d 857 (N.D.Ill. 2002);  *Romaker v. Crossland Mtg. Co.*, 94cv3328,  1996 WL 254299, 1996 U.S.Dist. LEXIS 6490  (N.D.Ill. May 10, 1996);  *Mount v. LaSalle Bank Lake View*, 926 F.Supp. 759 (N.D.Ill 1996).  Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana.  She is also a member of the Northern District of Illinois trial bar.

4.      **Julie Clark** (neé Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) **;** *Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Qualkenbush v. Harris Trust & Savings Bank*,  219 F. Supp.2d 935 (N.D.Ill. 2002); *Covington-McIntosh v. Mount Glenwood Memory

FILED DATE: 3/3/2023 11:18 AM 2023CH02120

*Gardens,* 00cv186, 2002 WL 31369747, 2002 U.S. Dist. LEXIS 20026 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626, 2003 U.S. Dist. LEXIS 18370 (N.D.Ill. Oct. 15, 2003); *Western Ry. Devices Corp. v. Lusida Rubber Prods.,* 06cv52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); *Nautilus Ins. Co. v. Easy Drop Off, LLC,* 06cv4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); *Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc.,* 07cv5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14, 2007); *Sadowski v. Med1 Online, LLC,* 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17, 2008); *Sadowski v. OCO Biomedical, Inc.,* 08cv3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); *ABC Bus. Forms, Inc. v. Pridamor, Inc.,* 09cv3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy v. Promius Pharma, LLC,* 09cv2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Lab., Inc.,* 10cv1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Garrett v. Sharps Compliance, Inc.,* 10cv4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

5.    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** *Clark v. Experian Info. Solutions, Inc.,* 8:00cv1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS 28324 (D.S.C., Jan. 14, 2004); *DeFrancesco v. First Horizon Home Loan Corp.,* 06cv0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); *Jeppesen v. New Century Mortgage Corp.,* 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); *Benedia v. Super Fair Cellular, Inc.,* 07cv1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007); *Gonzalez v. Codilis & Assocs., P.C.,* 03cv2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); *Centerline Equipment Corp. v. Banner Personnel Svc., Inc.,* 07cv1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); *R. Rudnick & Co. v. G.F. Protection,* 08cv1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); *Pollack v. Cunningham Financial Group, LLC,* 08cv1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); *Pollack v. Fitness Innovative Techs., LLC,* 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); *R. Rudnick & Co. v. Brilliant Event Planning, Inc.,* No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010).

6.    **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (now University of Illinois Chicago School of Law) (J.D. *magna cum laude* 2006). **Reported Cases:** *Pietras v. Sentry Ins. Co.,* 513 F.Supp.2d 983 (N.D.Ill. 2007); *Hernandez v. Midland Credit Mgmt.,* 04cv7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); *Balogun v. Midland Credit Mgmt.,* 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); *Herkert v. MRC Receivables Corp.,* 655 F. Supp. 2d 870 (N.D.Ill. 2008); *Miller v. Midland Credit Management, Inc.,* 08cv780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); *Frydman v. Portfolio Recovery Associates, LLC,* 11cv524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

7.    **Associates**:

    a.    **Carly Roman (formerly Cengher)** is a graduate of the University of Oregon (B.A., 2011), the University of California (M.A., 2015), and the University of New Hampshire School of Law (J.D. 2019). She is a member of the Illinois Bar.

    b.    **Stephen J. Pigozzi** is a graduate of the University of Wisconsin - Madison (B.A. 2007) and Chicago-Kent College of Law (J.D. 2018). He is a member of the Illinois Bar.

    c.    **Julia Ozello** is a graduate of the University of Chicago (B.A. 2016) and Case Western University School of Law (J.D. 2020). She is a member of the Illinois Bar.

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

       d.     **Matthew J. Goldstein** is a graduate of Lake Forest College (B.A., *magna cum laude*, 2018) and the University of Illinois Chicago School of Law (J.D., May 2021).  He is a member of the Illinois Bar.

       8.     The firm also has a dozen legal assistants and support staff.

       9.     Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

       10.    **Collection practices:**  The firm has brought numerous cases under the Fair Debt Collection Practices Act, both class and individual.  Decisions include: *Jenkins v. Heintz*, 25 F.3d 536 (7th Cir. 1994), aff'd  514 U.S. 291 (1995) (FDCPA coverage of attorneys); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014)(en banc); *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317  (7th Cir. 2016); *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260 (3d Cir. 2019); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir.  2012); *Ruth v. Triumph Partnerships*, 577 F.3d 790 (7th Cir. 2009); *Hale v. Afni, Inc.*, 08cv3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); *Parkis v. Arrow Fin Servs.*, 07cv410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Foster v. Velocity Investments*, 07cv824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D. Ill. Aug. 24, 2007); *Foreman v. PRA III, LLC*, 05cv3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. March 5, 2007); *Schutz v. Arrow Fin. Services*, 465 F. Supp. 2d 872 (N.D.Ill. 2006);  *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014),  later opinion, 807 F.3d 872 (7th Cir. 2015) (collection of time-barred debts); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012) (activities of mortgage company field agents); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004); *Peter v. GC Servs. L.P.*, 310 F.3d 344 (5th Cir. 2002); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); *Boyd v. Wexler*, 275 F.3d 642 (7th Cir. 2001); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Johnson v. Revenue Management, Inc.*, 169 F.3d 1057 (7th Cir.1999); *Keele v. Wexler & Wexler*, 95cv3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion,  1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2nd Cir. 1998); *Young v. Citicorp Retail Services, Inc.*, 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir.,  June 29, 1998) (unpublished); *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), aff'g *Avila v. Van Ru Credit Corp.*, 94cv3234, 1994 WL 649101, 1994 U.S. Dist. LEXIS 16345 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866, 1995 U.S. Dist. LEXIS 461  (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255, 1995 U.S. Dist. LEXIS 1502 (N.D.Ill., Feb. 8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); *Tolentino v. Friedman*, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion,  297 F.R.D. 42 (E.D.N.Y.  2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Stubbs v. Cavalry SPV I*, 12cv7235,  2013 WL 1858587,  2013 U.S. Dist. LEXIS 62648 (N.D.Ill., May 1, 2013); *Osborn v. J.R.S.-I., Inc.*, , 949 F. Supp. 2d 807 (N.D.Ill. 2013); *Terech v. First Resolution Mgmt. Corp.*, 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); *Casso v. LVNV Funding, LLC*,  955 F. Supp. 2d 825 (N.D.Ill.  2013); *Simkus v. Cavalry Portfolio Services, LLC*, 11cv7425, 2012 WL 1866542, 2012 U.S. Dist. LEXIS 70931 (N.D.Ill., May 22, 2012); *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); *Ramirez v. Apex Financial Management, LLC*, 567 F. Supp.2d 1035 (N.D. Ill. 2008); *Cotton v. Asset Acceptance, LLC*,  07cv5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); *Buford v. Palisades Collection, LLC*, 552 F. Supp. 2d 800 (N.D.Ill. 2008);  *Martin v. Cavalry Portfolio Servs., LLC,* 07cv4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07cv3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722

4

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

(N.D.Ill., June 23, 2008) (summary judgment denied); *Hernandez v. Midland Credit Mgmt.*, 04cv7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); *Blakemore v. Pekay*, 895 F.Supp.972 (N.D.Ill. 1995); *Oglesby v. Rotche*, 93cv4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), *later opinion*, 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); *Laws v. Cheslock*, 98cv6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); *Davis v. Commercial Check Control, Inc.*, 98cv631, 1999 WL 89556, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); *Hoffman v. Partners in Collections, Inc.*, 93cv4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); *Vaughn v. CSC Credit Services, Inc.*, 93cv4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); *Beasley v. Blatt*, 93cv4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); *Taylor v. Fink*, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); *Gordon v. Fink*, 93cv4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); *Brujis v. Shaw*, 876 F.Supp. 198 (N.D.Ill. 1995).

11.     *Jenkins v. Heintz* is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act.  Mr. Edelman argued it before the Supreme Court and Seventh Circuit.  *Avila v. Rubin* and *Nielsen v. Dickerson* are leading decisions on phony "attorney letters."  *Suesz v. Med-1 Solutions, LLC* is a leading decision on the FDCPA venue requirements. *McMahon v. LVNV Funding, LLC* is a leading decision on the collection of time-barred debts.

12.     **Debtors' rights**.  Important decisions include: *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07cv3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied)  (Illinois statute of limitations for credit card debts); *Parkis v. Arrow Fin Servs.*, 07cv410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Rawson v. Credigy Receivables, Inc.,*  05cv6032, 2006 WL 418065, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (collection of time-barred debts without disclosure); *Jones v. Kunin*, 99cv818, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc) (venue abuse).

13.     **Telephone Consumer Protection Act.**  The firm has brought a number of cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include: *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Sadowski v. Med1 Online, LLC*, 07cv2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Benedia v. Super Fair Cellular, Inc.,*  07cv01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F. Supp. 2d 768 (N.D.Ill. 2008); *ABC Business Forms, Inc. v. Pridamor, Inc.*, 09cv3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC*, 09cv2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Laboratory, Inc.*, 10cv1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS, 108339 (N.D.Ill., Aug. 3, 3010).

14.     The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act.  Decisions in these cases include: *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Balbarin v. North Star Capital Acquisition, LLC*, 10cv1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied*, 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011); *Sojka v. DirectBuy, Inc.*, 12cv9809 et al., 2014 WL 1089072, 2014 U.S.Dist. LEXIS 34676 (N.D.Ill., Mar. 18, 2014), later

opinion, 35 F. Supp. 3d 996 (N.D.Ill. 2014). The firm has a leadership role in Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation, MDL No. 2295, and Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation, MDL No. 2286.

15. **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, which include: *Henry v. Teletrack, Inc.,* 11cv4424, 2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012).

16. Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA. *Cole v. U.S. Capital, Inc.,* 389 F.3d 719 (7th Cir. 2004); *Murray v. GMAC Mortgage Corp.,* 434 F.3d 948 (7th Cir. 2006); *Perry v. First National Bank,* 459 F.3d 816 (7th Cir. 2006).

17. **Class action procedure:** Important decisions include *McMahon v. LVNV Funding, LLC,* 807 F.3d 872 (7th Cir. 2015); *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013); *Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877 (7th Cir. 2000); *Blair v. Equifax Check Services, Inc.,* 181 F.3d 832 (7th Cir. 1999); *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (7th Cir. 1997); *McMahon v. LVNV Funding, LLC,* 744 F.3d 1010 (7th Cir. 2014) (mootness); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.,* 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) (mootness), and *Gordon v. Boden,* 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

18. **Landlord-tenant:** The firm has brought more than 20 class actions against landlords to enforce tenants' rights. Claims include failing to pay interest on security deposits or commingling security deposits. Reported decisions include *Wang v. Williams,* 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); *Dickson v. West Koke Mill Vill. P'Ship,* 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and *Onni v. Apartment Inv. & Mgmt. Co.,* 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

19. **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, *In re Mortgage Escrow Deposit Litigation,* and MDL-1604, *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation,* as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: *Hamm v. Ameriquest Mortg. Co.,* 506 F.3d 525 (7th Cir. 2007); *Johnson v. Thomas,* 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); *Handy v. Anchor Mortgage Corp.,* 464 F.3d 760 (7th Cir. 2006); *Christakos v. Intercounty Title Co.,* 196 F.R.D. 496 (N.D.Ill. 2000); *Flippin v. Aurora Bank, FSB,* 12cv1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Kesten v. Ocwen Loan Servicing, LLC,* 11cv6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Johnstone v. Bank of America, N.A.,* 173 F.Supp.2d 809 (N.D.Ill. 2001); *Leon v. Washington Mut. Bank, F.A.,* 164 F.Supp.2d 1034 (N.D.Ill. 2001); *Williamson v. Advanta Mortg. Corp.,* 99cv4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); *McDonald v. Washington Mut. Bank, F.A.,* 99cv6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); *GMAC Mtge. Corp. v. Stapleton,* 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); *Leff v. Olympic Fed. S. & L. Ass'n,* 86cv3026, 1986 WL 10636 (N.D.Ill. Sept. 19, 1986); *Aitken v. Fleet Mtge. Corp.,* 90cv3708, 1991 WL 152533, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); *Poindexter v. National Mtge. Corp.,* 94cv45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); *Sanders v. Lincoln Service Corp.,* 91cv4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); *Robinson v. Empire of America Realty Credit Corp.,* 90cv5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); *In re Mortgage Escrow Deposit Litigation,* M.D.L. 899,

FILED DATE: 3/3/2023 11:18 AM 2023CH02120

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); *Greenberg v. Republic Federal S. & L. Ass'n*, 94cv3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

20.     The recoveries in the escrow overcharge cases alone are over $250 million. *Leff* was the seminal case on mortgage escrow overcharges.

21.     The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

22.     **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. *Conley v. Sears, Roebuck*, 1:97cv11149 (D.Mass) *Fisher v. Lechmere Inc.*, 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000).

23.     **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

a.     Hidden finance charges resulting from pass-on of discounts on auto purchases. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927 (7th Cir. 1998).

b.     Misrepresentation of amounts disbursed for extended warranties. *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir. 1998); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); *Slawson v. Currie Motors Lincoln Mercury, Inc.*, 94cv2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 13, 1995); *Cirone-Shadow v. Union Nissan, Inc.*, 955 F.Supp. 938 (N.D.Ill. 1997) (same); *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302 (N.D.Ill. 1995); *Shields v. Lefta, Inc.*, 888 F. Supp. 891 (N.D.Ill. 1995).

c.     Spot delivery. *Janikowski v. Lynch Ford, Inc.*, 98cv8111, 1999 WL 608714, 1999 U.S. Dist. LEXIS 12258 (N.D.Ill., Aug. 5, 1999); *Diaz v. Westgate Lincoln Mercury, Inc.*, 93cv5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

d.     Force placed insurance. *Bermudez v. First of America Bank Champion, N.A.*, 860 F.Supp. 580 (N.D.Ill. 1994); *Travis v. Boulevard Bank*, 93cv6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); *Moore v. Fidelity Financial Services, Inc.*, 884 F. Supp. 288 (N.D.Ill. 1995).

e.     Improper obligation of cosigners. *Lee v. Nationwide Cassell*, 174 Ill.2d 540, 675 N.E.2d 599 (1996); *Taylor v. Trans Acceptance Corp.*, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

f.     Evasion of FTC holder rule. *Brown v. LaSalle Northwest Nat'l Bank*, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92cv8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

24.     These cases also had a substantial effect on industry practices. The warranty cases, such as *Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler*, and *Shields*, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from

representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

25. **Predatory lending practices:** The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. *Jackson v. Payday Financial LLC*, 764 F.3d 765 (7th Cir. 2014), *cert. denied,* 135 S.Ct. 1894 (2015); *Livingston v. Fast Cash USA, Inc.,* 753 N.E.2d 572 (Ind. Sup. Ct. 2001); *lWilliams v. Chartwell Fin. Servs.,* 204 F.3d 748 (7th Cir. 2000); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760 (7th Cir. 2006); *Laseter v. Climateguard Design & Installation LLC*, 931 F.Supp.2d 862 (N.D.Ill. 2013); *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913 (N.D.Ill. 2008); *Martinez v. Freedom Mortg. Team, Inc.*, 527 F. Supp. 2d 827 (N.D.Ill. 2007); *Pena v. Freedom Mortg. Team, Inc.*, 07cv552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760 (N.D.Ill. 2006); *Parker v. 1-800 Bar None, a Financial Corp., Inc.*, 01cv4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); *Gilkey v. Central Clearing Co.*, 202 F.R.D. 515 (E.D.Mich. 2001); *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D.Ill. 2000), later opinion, 114 F. Supp. 2d 731 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1085 (N.D.Ill. 2000); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566 (S.D.Tex. 2000); *Donnelly v. Illini Cash Advance, Inc.*, 00cv94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); *Jones v. Kunin*, 99cv818, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); *Davis v. Cash for Payday*, 193 F.R.D. 518 (N.D.Ill. 2000); *Reese v. Hammer Fin. Corp.*, 99cv716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); *Pinkett v. Moolah Loan Co.*, 99cv2700, 1999 WL 1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); *Gutierrez v. Devon Fin. Servs.*, 99cv 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); *Vance v. National Benefit Ass'n*, 99cv2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

26. **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

a. Phony nonfiling insurance. *Edwards v. Your Credit Inc.*, 148 F.3d 427 (5th Cir. 1998); *Adams v. Plaza Finance Co.*, 168 F.3d 932 (7th Cir. 1999); *Johnson v. Aronson Furniture Co.*, 96cv117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

b. The McCarran Ferguson Act exemption. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037 (7th Cir. 1998).

c. Loan flipping. *Emery v. American General*, 71 F.3d 1343 (7th Cir. 1995). *Emery* limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

d. Home improvement financing practices. *Fidelity Financial Services, Inc. v. Hicks*, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; *Heastie v. Community Bank of Greater Peoria*, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).

e. Insurance packing. *Elliott v. ITT Corp.*, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

27. **Automobile leases:** The firm has brought a number of a cases alleging illegal

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

FILED DATE: 3/3/2023 11:18 AM    2023CH02120

charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include *Lundquist v. Security Pacific Automotive Financial Services Corp.*, 993 F.2d 11 (2d Cir. 1993); *Kedziora v. Citicorp Nat'l Services, Inc.*, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91cv3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); *Johnson v. Steven Sims Subaru and Subaru Leasing*, 92cv6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); *McCarthy v. PNC Credit Corp.*, 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434 (7th Cir. 1994); *Simon v. World Omni Leasing Inc.*, 146 F.R.D. 197 (S.D.Ala. 1992).

28.    *Lundquist* and *Highsmith* are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the *Lundquist* case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

29.    **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: *Record-A-Hit, Inc. v. Nat'l Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Pietras v. Sentry Ins. Co.*, 06cv3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 06cv2092, 2007 WL 2608559, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); *National Fire Ins. Co. v. Tri-State Hose & Fitting, Inc.*, 06cv5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06cv4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

30.    Some of the other reported decisions in our cases include: *Elder v. Coronet Ins. Co.*, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); *Smith v. Keycorp Mtge., Inc.*, 151 B.R. 870 (N.D.Ill. 1992); *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); *Armstrong v. Edelson*, 718 F.Supp. 1372 (N.D.Ill. 1989); *Newman v. 1st 1440 Investment, Inc.*, 89cv6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); *Mountain States Tel. & Tel. Co.*, v. District Court, 778 P.2d 667 (Colo. 1989); *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D.Ill. 1988); *Haslam v. Lefta, Inc.*, 93cv4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); *Source One Mortgage Services Corp. v. Jones*, 88cv8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); *Wilson v. Harris N.A.*, 06cv5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007). *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010); *QuickClick Loans LLC v. Russell*, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *pet. denied*, 949 N.E.2d 1103 (2011) and *Adkins v. Nestle Purina Petcare Co.*, 973 F.Supp.2d 905 (N.D.Ill. 2013).

31.    *Gordon v. Boden* is the first decision approving "fluid recovery" in an Illinois class action. *Elder v. Coronet Insurance* held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Executed at Chicago, Illinois.

> /s/ *Daniel A. Edelman*
> Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500

FILED DATE: 3/3/2023 11:18 AM   2023CH02120

Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED DATE: 3/3/2023 11:23 AM   2023CH02120

Atty. No. 41106

FILED
3/3/2023 11:23 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21714366

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DEBORAH PALANTI, on behalf of Plaintiff and a class, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) 2023 CH 02120 |
| LAWBLE, INC., doing business as SoloSuit and www.SoloSuit.com; GEORGE A. SIMONS; and SCOTT ERICKSON, | ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF MOTION

     **PLEASE TAKE NOTICE** that, on Monday, May 1, 2023 at 10:00 a.m., we shall appear before the Honorable Judge Thaddeus L. Wilson in Room 2307of the Richard J. Daley Center, 50 W. Washington Street, Chicago, Illinois 60602 **via Zoom or telephonic means** and there present **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, a copy of which is attached hereto and hereby served upon you.

     Respectfully submitted,

     */s/ Daniel A. Edelman*
     Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Roman
**EDELMAN, COMBS, LATTURNER**
**   & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

1

FILED DATE: 3/3/2023 11:23 AM   2023CH02120

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, certify that I had a copy of this document placed for service with the complaint.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly M. Roman
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

2

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED DATE: 4/3/2023 2:45 PM    2023CH02120

## AFFIDAVIT OF SERVICE

| Case: 2023CH02120 | Court: Circuit Court | County: Cook, IL | Job: 8619495 |
|---|---|---|---|
| **Plaintiff / Petitioner:** DEBORAH PALANTI, ET AL | | **Defendant / Respondent:** LAWBLE, INC., DBA SoloSuit and www.SoloSuit.com; GEORGE A. SIMONS; SCOTT ERICKSON | |
| **Received by:** ICU Investigations, LLC | | **For:** Edelman, Combs, Latturner & Goodwin, LLC | |
| **To be served upon:** Scott Erickson | | | |

I, Crystal Williams, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein. I declare under penalty of perjury that everything stated in this document is true and correct.

**Recipient Name / Address:** Scott Erickson, 1280 W 20 S, Pleasant Grove, UT 84062
**Manner of Service:** Personal/Individual, Mar 28, 2023, 7:45 pm MDT
**Documents:** Summons; Complaint -Class Action; Notice of Filing; Plaintiff's Motion for Class Certification; Notice of Motion

**Additional Comments:**
1) Successful Attempt: Mar 28, 2023, 7:45 pm MDT at 1280 W 20 S, Pleasant Grove, UT 84062 received by Scott Erickson. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 170; Height: 6'0"; Hair: Brown; Eyes: Brown;

_Crystal Williams_                    04-03-2023
Crystal Williams                     **Date**
A131341

ICU Investigations, LLC
250 N Red Cliffs Dr, #4B-275
Saint George, UT 84790
435-986-1200

_Subscribed and sworn to before me by the affiant who is personally known to me._

_____
**Notary Public**

04-03-2023
**Date**          **Commission Expires**

Michael Currie
Notary Public
State Of Utah
My Commission Expires 07/05/2023
707129

FILED
4/3/2023 2:45 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
22131298

FILED
3/22/2023 11:19 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21971721

**AFFIDAVIT OF SERVICE**

FILED DATE: 3/22/2023 11:19 AM   2023CH02120

| Case: 2023CH02120 | Court: Circuit Court | County: Cook, IL | Job: 8558595 |
|---|---|---|---|
| **Plaintiff / Petitioner:** DEBORAH PALANTI, ET AL | | **Defendant / Respondent:** LAWBLE, INC., DBA SoloSuit and www.SoloSuit.com; GEORGE A. SIMONS; SCOTT ERICKSON | |
| **Received by:** ICU Investigations, LLC | | **For:** Edelman, Combs, Latturner & Goodwin, LLC | |
| **To be served upon:** George A. Simons | | | |

I, Crystal Williams, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein. I declare under penalty of perjury that everything stated in this document is true and correct.

**Recipient Name / Address:**  George A Simons, 235 E 3060 N, Provo, UT 84604

**Manner of Service:**  Personal/Individual, Mar 17, 2023, 6:03 pm MDT

**Documents:**  Summons; Complaint -Class Action; Notice of Filing; Plaintiff's Motion for Class Certification; Notice of Motion

**Additional Comments:**
1) Successful Attempt: Mar 17, 2023, 6:03 pm MDT at 235 E 3060 N, Provo, UT 84604 received by George A Simons. Age: 45; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'3"; Hair: Brown; Eyes: Blue;

Crystal Williams _____   03/20/2023
Crystal Williams                              **Date**
A131341

ICU Investigations, LLC
250 N Red Cliffs Dr, #4B-275
Saint George, UT 84790
435-986-1200

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
**Notary Public**

03-20-2023
**Date**                    **Commission Expires**

Michael Currie
Notary Public
State Of Utah
My Commission Expires 07/05/2023
707129

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

Case: 1:23-cv-02365 Document #: 1-1 Filed: 04/14/23 Page 136 of 136 PageID #:143

FILED
3/22/2023 11:19 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH02120
Calendar, 1
21971721

**AFFIDAVIT OF SERVICE**

| Case: 2023CH02120 | Court: Circuit Court | County: Cook, IL | Job: 8558600 |
|---|---|---|---|
| **Plaintiff / Petitioner:** DEBORAH PALANTI, ET AL | | **Defendant / Respondent:** LAWBLE, INC., DBA SoloSuit and www.SoloSuit.com; GEORGE A. SIMONS; SCOTT ERICKSON | |
| **Received by:** ICU Investigations, LLC | | **For:** Edelman, Combs, Latturner & Goodwin, LLC | |
| **To be served upon:** Lawble, Inc., d/b/a SoloSuit c/o George A. Simons, Registered Agent | | | |

I, Crystal Williams, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein. I declare under penalty of perjury that everything stated in this document is true and correct.

**Recipient Name / Address:**   George A. Simons, 235 E 3060 N, Provo, UT 84604

**Manner of Service:**   Corporation, Mar 17, 2023, 6:03 pm MDT

**Documents:**   Summons; Complaint -Class Action; Notice of Filing; Plaintiff's Motion for Class Certification; Notice of Motion

**Additional Comments:**
1) Successful Attempt: Mar 17, 2023, 6:03 pm MDT at 235 E 3060 N, Provo, UT 84604 received by George A. Simons. Age: 45; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 6'3"; Hair: Brown; Eyes: Blue; Relationship: registered agent;

*Crystal Williams*   03/20/2023

Crystal Williams                **Date**
A131341

ICU Investigations, LLC
250 N Red Cliffs Dr, #4B-275
Saint George, UT 84790
435-986-1200

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
**Notary Public**

03-20-2023

**Date**                **Commission Expires**

Michael Currie
Notary Public
State Of Utah
My Commission Expires 07/05/2023
707129