IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH PALANTI, on behalf of Plaintiff and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 1:23-cv-02365 |
| LAWBLE, INC., doing business as SoloSuit and www.SoloSuit.com; GEORGE A. SIMONS; and SCOTT ERICKSON, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**

Plaintiff respectfully requests that the Court remand this matter to the Circuit Court of Cook County.

In support of this motion, Plaintiff states:

1. This action alleges:

    a. That Defendants provide purported legal services to defendants in Illinois collection lawsuits,

    b. That Defendants are not attorneys,

    c. That Defendants make misrepresentations about what they do,

    d. That Defendants do not provide the services promised, and

    e. That Defendants thereby engage in consumer fraud.

2. Defendants removed this case under the Class Action Fairness Act.

3. Defendants in a removed diversity case have the burden of showing, that there is a "reasonable probability" that the recovery will exceed the jurisdictional minimum, which under the Class Action Fairness Act is $5 million. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542-43 (7th Cir. 2006); *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 43 (1st Cir. 2009).

1

4. Where, as here, the Plaintiff challenges the Defendants' amount in controversy allegation, 28 U.S.C. §1446(c)(2)(B) instructs that removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Roppo v. Travelers Commer. Ins. Co.,* 869 F.3d 568, 579 (7th Cir. 2017).

5. Among the ways defendants can satisfy this burden are by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; and by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. *Roppo,* 869 F.3d at 579.

6. Defendants provide an affidavit stating that they provided services to 257 paying Illinois consumers and that various creditors and debt buyers sought a total of $1.9 million from those consumers.

7. Defendants' website (Exhibit A) shows that they charge consumers up to $247 per case, plus court appearance fees in some cases. (Illinois charges a defendant for the privilege of appearing.) Appearance fees do not exceed $251 for any one case in Cook County (other counties are lower) (Exhibit B).

8. Thus, Defendants do not collect more than $500 from any consumer with respect to one case.

9. The amount Defendants collected thus is less than $128,500.

10. Even if punitive damages at a ratio of 9 times compensatory damages are added, one does not get near $5 million.

11. Defendants' removal petition asserts that the amount in controversy is satisfied because the face amount of the claims asserted against the consumers in state court by the creditors and debt buyers suing them exceeded $1.9 million.

12. The complaint seeks "compensatory damages," without specification.

13. The complaint does not assert that the face value of the claims asserted against the consumers in state court by the creditors and debt buyers constitutes recoverable damages in this

case.

14. Defendants do not assert facts showing that the consumers paid, or were held liable for, the face amount of the claims asserted against them in the cases in which Defendants provided services.

15. If Defendants identified cases in which they provided services and showed that judgments were entered against the consumers, that might support such a damage claim. However, Defendants do not allege any such facts.

16. Plaintiff and at least two class members hired counsel to defend the collection cases after discovering that Defendants' services were misrepresented and worthless. They did not suffer a negative outcome in the collection cases. In such a case, the measure of damages might include (a) amounts the consumers paid to Defendants (out of pocket loss) and (b) amounts the consumers paid to others to achieve the results that Defendants were hired to provide but did not deliver (benefit of the bargain). However, the amount of the claims against these individuals is not a plausible measure of damages.

17. The Court cannot just assume that the face amount of the claims asserted against the consumers in the cases in which Defendants provided services is a proper measure of damages.

18. The $1.9 million number is thus completely arbitrary and has no connection with the claim. Defendants may as well assert that the 257 consumers own homes or cars worth $10 million, but that does not mean that more than $5 million is in controversy in this action.

19. It follows that Defendants have failed to show that the jurisdictional amount is met.

WHEREFORE, the Court should remand this matter to the Circuit Court of Cook County.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Tara L. Goodwin (ARDC 62970473)
Carly Roman (ARDC 6334371)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**

3

20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

**CERTIFICATE OF SERVICE**

      Daniel A. Edelman certifies that on this document was filed via ECF, causing copies to be sent to all counsel of record:

    Emily Catherine Eggmann
    Dentons US LLP
    233 South Wacker Drive, Suite 5900
    Chicago, IL 60606
    (314) 363-2710
    Email: emily.eggmann@dentons.com

    Mark L. Hanover
    Dentons US LLP
    233 South Wacker Drive, Suite 5900
    Chicago, IL 60606
    (312) 876-8000
    Email: mark.hanover@dentons.com

                                     */s/ Daniel A. Edelman*
                                     Daniel A. Edelman